### HARRISON *v.* MYER, EXECUTRIX.

1. Certain premises in Louisiana, belonging to a citizen of that State, were, during his absence therefrom, seized as abandoned property by the military authorities of the United States, who compelled the lessee then in possession to enter into a new lease, and to pay to them the rent thereafter due. *Held,* that the owner could not recover of the lessee the rent for the period during which he had paid it to the military authorities.

2. Where suit was commenced, Nov. 16, 1868, for rent claimed to be due up to Aug. 8, 1865, and where, throughout the whole intervening time, the district within which the cause of action, if any arose, was under the control of the Federal authorities, and the defendant could be served there with process, — *Held,* that the decision of the Supreme Court of the State, that the suit was barred by the Statute of Limitations, is not subject to re-examination here.

ERROR to the Supreme Court of the State of Louisiana.

*Mr. D. C. Labatt* for the plaintiff in error.

*Mr. Thomas J. Durant* and *Mr. C. W. Hornor, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Certain brick tenements situated in New Orleans, and more particularly described in the record, were, on the 13th of June, 1859, leased by the plaintiff to the testator of the defendant for and during the full term of five years, to begin on the 1st of October in the same year, and to terminate at the end of five years from the commencement of the term ; and, in consideration thereof, the lessee covenanted and agreed to pay to the lessor the annual rent of $2,000, payable in monthly instalments at the end of each and every month.

Monthly payments were punctually made from the expiration of the first month until the 1st of May, 1862, when he ceased to make the required payments.  Pursuant to the lease,

the decedent, then in full life, entered into the immediate possession of the premises; and it appears that he continued in the possession of the same until the 8th of August, 1865, as alleged by the plaintiff.

Payments subsequent to May 1, 1862, were refused, because the premises were on that day seized by the military authorities of the United States as abandoned property, and the lessee was compelled to pay rent to those military authorities. Notwithstanding that, rent was still claimed by the plaintiff as the lessor of the premises; and, payment having been refused, he instituted the present suit to recover the unpaid instalments, amounting in the whole to $8,103.25, together with lawful interest.

Service was made; and the defendant, as the widow and executrix of the testator, appeared and filed an answer, setting up three defences: (1.) That all and singular the allegations contained in the petition are untrue. (2.) That the military authorities of the United States seized the premises as abandoned property, and that the lessee was compelled to pay rent to those authorities during the whole period for which the rent was not paid to the plaintiff. (3.) That the cause of action is barred by the prescription of three years.

Proofs were introduced on both sides in the State District Court, where the suit was commenced; and the court, having heard the parties, rendered judgment for the defendant. Three exceptions were filed by the plaintiff, and he appealed to the Supreme Court of the State, where the parties were again heard; and the Supreme Court overruled the exceptions filed by the plaintiff, and affirmed the judgment rendered by the District Court. Immediate steps were taken by the plaintiff to remove the cause into this court; and the errors assigned in the argument here are substantially the same as those assigned in the Supreme Court of the State.

1. Much discussion of the first defence set up in the answer is unnecessary, as it is clear that the theory of fact which it assumes cannot be sustained. Sufficient appears to show that the lease was duly executed, that the lessee took possession of the premises, and that he continued to occupy the same during the whole period alleged in the petition.

Suppose that is so: still it is insisted by the defendant that the second defence pleaded is fully sustained; and the court here concurs in that proposition.

2. Conclusive proof is exhibited in the record that the premises were seized by the orders of the military authorities of the United States, and that the lessee, during the absence of the lessor from the State, was compelled to pay rent to the military authorities commanding the district; that the lessee of the plaintiff, then in full life, was formally ejected from the premises by the military authorities; and that his agent then and there found it necessary, in order to preserve his effects and to enable him to retain possession of the tenements and to continue his business, to enter into a new contract of lease with the military authorities, by whom the premises had been seized as abandoned property, and who were in the supreme control of all such matters within the district where the premises were situated.

Evidence was also introduced to show that the rent, as stipulated in the new contract of lease, was subsequently paid by the agent of the decedent to the military authorities of the United States throughout the whole residue of the period during which the premises were occupied by the testator of the defendant. Satisfactory proof was also introduced by the defendant, and is exhibited in the transcript, that the military commander of the district, prior to that time, published a military order, commanding all tenants in possession of properties belonging to persons not known by them to be loyal citizens not to pay over rents for the same, but to retain in their hands all moneys due to such persons; warning such tenants, in case they paid such moneys to such persons without authority, that they would be held personally responsible for the amount so paid; and directing that all rents due, or to become due, by tenants of property belonging to such persons, should be paid to the financial clerk of the district.

All rent due to the military authorities of the United States has been paid; and it is admitted that all rent for the premises to the 1st of May, 1862, was duly paid to the plaintiff, his claim now being for the rent of the premises for the period subsequent to the time when the decedent was ejected from the

premises, and for the period during which the decedent paid
rent under the new contract of lease with the military authori-
ties of the United States.

. Enough appears to show beyond all doubt that the premises
were seized as abandoned property, and that decedent was
compelled to pay rent to the military authorities of the United
States under a new contract of lease. Collusion is not even
suggested; and, inasmuch as the decedent was obliged to render
obedience to the paramount authority, it was entirely compe-
tent for him to enter into a new contract to protect his interest.

Grant that, and still it is insisted by the plaintiff that he is
entitled to recover the rent under his lease, deducting the
amount of the rent paid by the decedent to his new lessors;
.but the court here is entirely of a different opinion. His prop-
erty was seized as abandoned property, he, the plaintiff, having
left the jurisdiction; and the effect of the seizure was to de-
prive the decedent of all right of possession or occupancy; and
of course he was obliged to leave the premises, or make a new
contract with those having the dominion over the same; and,
having made such new contract with those having and exercis-
ing such dominion over the premises, all that can be required
of him, or his legal representative, is to fulfil that new con-
tract. Such payments having been made, the legal representa-
tive of the decedent may well claim to be exempt from any
further demand. La. Code 1875, art. 2696.

From the very nature of the contract, it is held by the law
of that State that the lessor is required to maintain the thing
in such a condition as to serve the use for which it is hired,
and to cause the lessee to be in the peaceable possession of the
thing, during the continuance of the lease; and the provision
is, that if the thing be totally destroyed during the lease by
an unforeseen event, or if it be taken for a purpose of public
utility, the lease is at an end. Id., arts. 2692, 2697.

Seizure, and eviction from the premises, it is insisted by the
defendant, are, under the circumstances, equivalent to seques-
tration to support the war; and that the decedent, inasmuch
as he was compelled to give up the possession of the premises
to the ruling military power, is thereby discharged from all
obligation to pay the future rent to the plaintiff.

3. Suppose, however, that the second defence is insufficient: then it becomes necessary to examine the third, which is the defence sustained by the Supreme Court of the State.

By the record, it appears that rent is claimed to the 8th of August, 1865; and that the suit was not commenced until the 16th of November, 1868, — more than three years subsequent to the time when, by the terms of the lease, the whole rent became due. Two objections are taken by the plaintiff to the sufficiency of that defence : —

1. That he commenced a prior suit, which was discontinued; and he suggests, rather than argues, that the statute ceased to run from the commencement of the first suit.

Statutes exist in some of the States, providing that where a first suit is abated, and a second suit is brought within a pre-scribed time, the Statute of Limitations shall cease to run from the date of the first suit; but the court is not referred to any such enactment as applicable to this case, and it is believed that none such exists, as the code of the State provides, that if the plaintiff, after having made his demand, abandons or discontin-ues it, the interruption shall be considered as having never happened. Code, art. 3485; *Levy* v. *Stewart*, 11 Wall. 252.

2. Grant that: still the defendant insists that the war of the rebellion did not close until the 20th of August, 1866; and that the time from the date of the last charge in the claim to the close of the war should be deducted from the period which has elapsed since the cause of action accrued, in computing the time fixed by the Statute of Limitations. But the court here is of the opinion that the rule does not apply in the case before the court. Beyond doubt, it does apply in a suit in the Circuit Court of the United States where the suit is between a citizen of the State where the suit is brought and a citizen of another State. *Hanger* v. *Abbot*, 6 Wall. 532; *Levy* v. *Stewart*, 11 id. 249; *Adger* v. *Alston*, 15 id. 560.

Repeated decisions of this court have established the rule, as applied in the Circuit Courts of the United States, in contro-versies between citizens of different States; but the case under examination was brought here by a writ of error to the State court, and it appears that the suit and controversy were be-tween citizens of the same State. *United States* v. *Willey*, 11 Wall. 512; *The Protector*, 12 id. 700.

Congress has provided to the effect that where the defendant cannot be served with process, by reason of resistance to the execution of the laws or the interruption of the ordinary course of judicial proceedings, the time during which the defendant shall be beyond the reach of legal process shall not be deemed or taken as any part of the time limited by law for the commencement of such action.   13 Stat. 123.

Cases falling within that provision, whether in the State or Federal courts, are governed by it: but the difficulty which the plaintiff has to encounter is, that the district where the cause of action, if any, arose, was within the control of the United States throughout the whole period; nor does the record contain any evidence whatever to show either that the defendant was at any time beyond the reach of process, or that the insurgents were in a condition to occasion any interruption of the ordinary course of judicial proceedings in that district.   *Stewart* v. *Kahn*, 11 Wall. 506.

Viewed in the light of these suggestions, it is quite clear that it was competent for the Supreme Court of the State to construe and apply the Statute of Limitations enacted by the State legislature, and that their decision in that regard is not subject to re-examination here under a writ of error to a State court.

*Judgment affirmed.*