NO. 8175    8175   STATE OF LOUISIANA

MRS ABRAHAM MINIS

     VS      COURT OF APPEAL

CONSTANT GRECO.      PARISH OF ORLEANS.

Court of Appeal.
PARISH OF ORLEANS
FILED JAN 2/22
Stansbury
8175

268

OPINION.

By his Honor John St. Paul.

The defendant leased certain premises for use as a "bar-room", and when the national war time prohibition went into effect he closed his establishment, surrendered the premises, and refused to pay any more rent. Wherefore this suit followed.

I.

A Bar-Room is a place where intoxicating liquors are sold to be drunk on the spot (7 Corpus Juris 930). And since the law itself forbade the sale of intoxicating liquors thereafter, it follows that defendant, through no fault of his and solely by act of the law, was deprived of the use of the premises for the very purpose for which he had leased them. And if the law be, that where the tenant is deprived of the use of the premises <u>for the purpose for which he leased them</u>, he has the right to demand the cancellation of the lease; then it is no answer to his demand for cancellation that he might have used the premises for some other purpose.

II.

Now the rule of the Civil Law is this; that, if during the lease and without fault on the part of the

269

lessee, the thing leased be destroyed in whole or in part, or cease totally or partially to be fit for the purpose contemplated; or if by events unforeseen, or irrestible force, or act of the law the lessee be deprived in whole or in part of the use and enjoyment or profits of the leased premises; he may, according to circumstances demand either the dissolution of the lease or a proportionate reduction in the rent; unless the contrary has been expressly and clearly agreed upon. C. C. 1899, 2695, 2697, 2699, 2743; C. N. 1722, 1773; Domat, Louage, Sec 3 par. 3.

On the other hand, the old common law made no allowance for unforeseen events or even irrestible force. Paradyne vs Jayne, Aleyn 26 (82 English Reprint 897); Pollard vs Shaffer, 1 Dallas 210; 24 Cyc 1156-1157. (Now modified somewhat; for which see 92 U. S. 111; 101 U. S. 612; 110 U. S. 645; 120 U. S. 707) But even that system always admitted that an intervening act of the law itself would excuse performance of a contract. Dermott vs Jones, 2 Wallace 1. page 7. So that it will avail but little to seek light from common law sources when considering a Louisiana Lease.

As to Abadie vs Burges, 41 An 281, we can say but this; that whatever we may think of the law therein to be ## found, it is certainly in conflict with Campbell vs Gallo, 142 La 1082, a late case; which latter we follow not only on that account but also because in our opinion the conclusions therein reached are correct according to the facts shown.

The judgment appealed from is therefore affirmed.