## WORLEY v. PETROLEUM CASUALTY CO.
### (No. 651.)

Court of Civil Appeals of Texas. Eastland.
Jan. 17, 1930.

Rehearing Denied Feb. 21, 1930.

Smith & Smith, of Anson, for appellant.
Knox W. Gilmore, of Houston, for appellee.

LESLIE, J. M. M. Worley was an employee of the Humble Pipe Line Company which carried workmen's compensation insurance with the Petroleum Casualty Company, a corporation. On June 17, 1928, in the performance of his duties as such employee, he sustained certain serious bodily injuries. He reported same to the Industrial Accident Board on July 5, 1928, then applying to said board for an award of compensation. After due notice to all parties, the board, on October 10, 1928, considered the claim and made an award against the company and in favor of Worley.

On October 17, 1928, the casualty company filed with said board notice that it would not abide the board's ruling and decision. The casualty company did not follow this notice by filing a suit in any court. In fact it prosecuted no appeal from the award of the Industrial Accident Board.

The insured, M. M. Worley, did not file with the board any notice that he was unwilling to abide its ruling and decision, but alleges he "relied upon said notice" given by the insurer. Discovering that the casualty company had abandoned its purpose to file suit pursuant to its notice of October 17th, Worley filed the instant suit, basing it upon the notice given by the insurer alone. He filed a suit November 5, 1928, 18 days after the insurer had given such notice.

When the cause came on for trial, the casualty company, the defendant therein, filed a plea in abatement to the suit. The plea was upon the ground that the plaintiff, the insured, had filed no notice within the statutory time that he would not abide the ruling and decision of the Industrial Accident Board, and that by reason thereof the court was without jurisdiction to try the cause. The issues upon the plea having been developed upon the trial, the court sustained the same and dismissed the cause, and it is from that judgment this appeal·has been perfected.

The appellant, Worley, submits that this appeal presents but one question of law, the same being his right to base 'a suit upon the notice of dissatisfaction with the board's award, timely given by the insurer alone. The contention is novel, but not difficult of solution. . The statute itself is conclusive of the contention presented. Section 5, art. 8307, Vernon's Annotated Civil Statutes, provides:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice * * * that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, etc. * * *"

This provision of the statute is clear and unambiguous. Its meaning is manifest, and any effort to construe it as meaning something other than what it clearly says would mean the introduction of confusion and uncertainty where none exists. Giving the statute its proper effect, we are of the opinion that the plaintiff, if he desired to prosecute an appeal from the board's award, should have complied with the statute by giving timely notice of his intention to do so. Failing in that, he has no authority, under the Workmen's Compensation Law, to predicate this suit upon notice given by the adverse party.

In Mingus v. Wadley et al., 115 Tex. 551, 285 S. W. 1084, 1087, our Supreme Court, through Chief Justice Cureton, in disposing of a workmen's compensation case, in principle like the instant one, used this language:

"This suit arises out of a workman's compensation proceeding, and it is therefore in derogation of the common law. The rights to be enforced, and all the remedies provided therefor, are purely statutory, as distinguished from the common-law rights and remedies (citing authorities).

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from

the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable (citing authorities).

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies (citing authorities)."

Each of the above propositions by our Supreme Court is supported by numerous authorities containing clear and explicit reasons for the rules announced. The authorities are here referred to, and the reasons will not be repeated. In failing to give the notice required by law, the plaintiff failed in one of the prerequisites prescribed by statute to confer jurisdiction upon the district court to hear and determine this cause. The plaintiff has no authority under the Workmen's Compensation Law to predicate his suit on notice given by the adverse party.

The judgment of the trial court is affirmed.