## MARYLAND CASUALTY CO. v. LATHAM et al.

### No. 5599.

Circuit Court of Appeals, Fifth Circuit.

June 18, 1930.

Y. D. Mathes, of Houston, Tex. (Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellant.

Roy C. Sewell and Laurence Walton Morris, both of Houston, Tex., for appellees.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

On April 18, 1928, G. F. Latham obtained an award from the Industrial Accident Board of Texas of $20 per week from August 1, 1927, for a period not exceeding 401 weeks, in a proceeding against S. H. Kress & Co., his employer, and the Maryland Casualty Company as insurer. A stated percentage of the award was allotted to H. J. Nichols, his attorney.

The Texas Workmen's Compensation Law (Revised Civil Statutes of 1925, §§ 5 and 5a of article 8307) provides in substance as follows:

Any interested party who does not consent to a final decision of the Industrial Accident Board shall give notice to the adverse party within 20 days, and within 20 days thereafter bring a suit in the county where the injury occurred, to set it aside. The court shall determine the issues instead of the board on a trial de novo. If any party fails to institute the suit within 20 days after giving notice, the decision of the board shall be final. Where the board has made an award against an insurance company requiring weekly payments to an injured employee, and the insurer either fails or refuses without justifiable cause to make such payments as they mature, the injured employee shall have the right to mature the entire claim and institute suit to collect the whole amount, together with 12 per cent. penalties and reasonable attorney's fees.

Latham gave notice within the 20 days allowed, and promptly filed suit within the additional period fixed by the statute in the district court of Harris county, to set aside the award of the board. The Maryland Casualty Company, made party to the suit, removed it to the federal District Court. Thereafter, on October 27, before judgment determining any rights of either party had been entered, Latham dismissed the suit. On November 6, 1928, Latham and Nichols filed the present suit in the above-mentioned state court to enforce the award, asking for a lump sum judgment with 12 per cent. penalties and a reasonable attorney's fee. This suit was also removed by the Maryland Casualty Company.

In the meantime, on November 2, 1928, the Maryland Casualty Company had applied to the board for a rehearing of the claim. The board decided on November 15, 1928, that it had no further jurisdiction over the case, and declined to entertain the petition. The Maryland Casualty Company then gave notice of appeal, on December 6, 1928, and on December 15, 1928, filed suit in the federal District Court to set aside the award. Apparently that suit is still pending and undecided.

By plea in abatement, which was overruled, and later in its answer, the Maryland Casualty Company, appellant herein, contended that, as the statute provides for a trial de novo, the filing of the suit by Lath-

am to set aside the award had the effect of nullifying it. The District Court held against this contention, and directed a verdict for the plaintiffs Latham and Nichols for a lump sum of $8,000, with 12 per cent. penalties and a reasonable attorney's fee which the jury fixed at $1,200. The errors assigned need not be discussed in detail.

It is apparent that appellant did not file a suit to set aside the award within the period permitted by the statute. Appellant could derive no benefit from the appeal taken by Latham, as the suit had not proceeded far enough to fix the rights of either party, Worley v. Pet. Cas. Co. (Tex. Civ. App.) 24 S.W.(2d) 756, and it is the general rule that, in the absence of statute, voluntary dismissal of a suit leaves the situation as if the suit had never been filed. Any statute of limitation applicable would run from the date of the judgment. Willard v. Wood, 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531; Harrison v. Myer, 92 U. S. 111, 23 L. Ed. 606. We are not advised of any statute of Texas changing the general rule.

It is plain from the unambiguous language of the statute that an award by the board is final, unless appealed from. Appellant contends, however, that the filing of the suit by Latham nullified the award, so that it was no longer available to him, on the theory that the appeal is analogous to one from a justice of the peace. Conceding that under the law of Texas an appeal from a judgment of a justice of the peace has that effect, the Texas Supreme Court has decided otherwise with regard to appeals from awards of the Industrial Accident Board, holding that such suits are analogous to appeals from trial courts to the Courts of Civil Appeal, and that the award is merely suspended through the pendency of the action. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. As interpreting the local law, we are obliged to follow this decision, and we do so very readily, as it accords with our own opinion.

It is further insisted for appellant that it should not be held for penalties and attorney's fees, as they are to be awarded only when payment is refused without justifiable cause, and that, as Latham filed his second suit within a few days after dismissing the first suit, there was not a reasonable opportunity for appellant to comply with the award. This contention is hardly tenable, in view of the fact that appellant has made no tender, and is still contesting payment.

We concur with the District Court in the disposition of the case.

The record presents no reversible error. Affirmed.