215 So.2d 664 (1968)
Mrs. Louise BEARD, Individually and as Administratrix of the Estate of her minor son, Darrell Brent Beard
v.
WILSON WHOLESALE DISTRIBUTORS, INC., et al.
No. 7442.
Court of Appeal of Louisiana, First Circuit.
November 12, 1968.
*665 Neil H. Mixon, Jr., of McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellant.
David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
LOTTINGER, Judge.
This is a suit in tort filed by petitioner, Mrs. Louise Beard, individually and as administratrix of the estate of her minor son, Darrell Brent Beard. The defendants are Wilson Wholesale Distributors, Inc., and its liability insurance carrier, Fidelity Casualty Company of New York. The Lower Court awarded judgment in favor of defendants and against petitioner, dismissing petitioner's demand. The petitioner has taken this appeal.
The accident upon which this suit is based occurred on or about November 27, 1964. This suit was originally filed on November 24, 1965, in tort, with an alternative demand under the Workmen's Compensation laws of this state. On January 26, 1966, however, the original petition was amended, omitting therefrom the alternative demand in Workmen's Compensation. Subsequently, on June 23, 1967, the petition was again amended so as to reinstate the alternative demand in Workmen's Compensation.
The second amendment of the petition which reinstated the compensation demand, was met by an exception of prescription on the part of defendant. After trial of the exception, the Court ruled that prescription had accrued, and accordingly maintained the exception. This ruling by the Lower Court was correct as a suit which has been voluntarily discontinued by the petitioner does not serve to interrupt prescription. Harrison v. Meyer, 22 La. Ann. 580; Harrison v. Myer, 92 U.S. 111, 23 L.Ed. 606; Cassou v. Robbert, 166 La. 101, 116 So. 714. Furthermore, as no appeal was taken to the decision of the Lower Court in maintaining the exception of prescription, the suit has now been relegated to one solely in tort.
*666 The undisputed facts show that on the morning of November 27, 1964, Darrell Brent Beard, the minor son of petitioner, went to the premises of the Wilson Wholesale Distributors, Inc., in Baton Rouge, Louisiana, seeking temporary employment during the Christmas holidays with his uncle, Mr. Wilson. Previous to this time, Mr. Wilson had given young Darrell part time employment doing odd jobs whenever his services were beneficial to the company. On the morning in question, he went to the said business establishment and spoke with Mr. Wallis Burns, the assistant manager, relative to his securing employment. Mr. Burns was authorized to employ Darrell whenever his services were necessary. Mr. Burns testified that he felt that he did not need him on that day and so told him. Notwithstanding, young Beard remained about the premises.
At the time, Wilson Wholesale Distributors had been in the process of enlarging its warehouse. The new addition had not yet been completed and there were holes in the metal roof where it had been welded to the steel framework.
On the day of the alleged accident a sudden thundershower occurred during which water commenced leaking through the holes in the roof of the new addition. Christmas merchandise had been ordered by the business concern which, because of the inadequacy of storage space in the old portion of the warehouse, had been stored in the new warehouse. Foreseeing extensive water damage to this merchandise because of the leaks in the roof, Mr. Burns, who admitted that he was a very excitable man, ran into the sales room to seek help in covering the roof to prevent leakage. He sent a couple of the regular employees out to do this work, and noticing young Darrell sitting around the sales room, sent him to the warehouse with the other employees. Mr. Burns instructed them to get on the roof and to cover the holes with visqueen.
While so covering the roof, Mr. Burns was attempting to rush the employees so as to prevent damage to the merchandise by telling them to go faster.
Young Darrell first started unrolling the visqueen by walking in a forward direction. However, in order to proceed faster, he turned around and commenced to walk backward. He backed off the roof, falling to the ground resulting in physical injuries.
The Lower Court held that Mr. Burns was negligent in sending this fifteen year old boy on the roof "under the existing circumstances and creating the confused, excited atmosphere, while at the same time not warning him or supervising him in such a way as to minimize the danger which was there". On the other hand, the Lower Court felt that a child fifteen years of age would and should be at all times cognizant of the danger of falling, and therefore, held young Darrell guilty of contributory negligence.
The above holdings by the Lower Court were based on the premise that the boy was not an employee of Wilson Wholesale Distributors, with which conclusion we do not agree.
There is no question in our minds but that the defendant was engaged in a hazardous occupation under the act, as this occupation included, among many other things, the lifting and moving of heavy crates of merchandise. Although counsel has not raised the question as to whether or not the duties performed at the time of the accident were in the "course of his employer's trade, business, or occupation" as is required by the provisions of R.S. 23:1035, we feel that the business of covering this roof in order to protect the defendant's merchandise from water damage was certainly in furtherance of the occupation or trade of the employer. It is noted that at the time of the accident the employees who were on the roof unrolling the visqueen were not engaged in the repairing of the roof, but were merely placing this material over the roof so as to avoid water leakage through the roof causing damage *667 to the merchandise which was stored on the warehouse floor below.
We therefore feel that at the time of the accident Darrell was performing duties in furtherance of his employer's trade.
Louisiana Revised Statutes, Title 23, Section 1044 (Section 3(8) of the Louisiana Workmen's Compensation Act) provides that:
"A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter."
Malone, in his treatise on Louisiana Workmen's Compensation Law and Practice defines "casual employment" as "happening without design and unexpectedly, coming without regularity, occasional". In Ranson-Rooney v. Overseas Ry., 17 La. App. 205, 134 So. 765, although reversed on other grounds in 173 La. 183, 136 So. 486, the Court said:
"But in this state casual employees are not excluded from the benefits of the Compensation Law, and we are aware of no decision of our Courts which has denied recovery upon the ground that the employment was casual and temporary. See, also B. & O. S. W. R. Co. v. Burtch, 263 U.S. 540, 44 S.Ct. 165, 68 L. Ed. 433."
In Pflieger v. Haws, La.App., 180 So.2d 892, two employees employed by two different employers were sent to a boat dock to deliver certain equipment to a barge. The barge on which delivery was to be made had not yet arrived and while waiting the two employees, as neither had a helper, mutually agreed that they would help each other in unloading their respective trucks. While the driver of one truck was helping to unload the other truck he received accidental injuries. The Court, in that case, held that the injured driver was an employee pro hac vice of the other trucking company whose truck he was assisting in unloading and awarded him Workmen's Compensation against the said employer.
There is no question in the present case that young Darrell had on several occasions prior to the accident been employed by Wilson Wholesale Distributors. Mr. Burns, the assistant manager of Wilson Wholesale Distributors, testified that he had employed young Darrell in certain odd jobs such as cutting grass and helping to move merchandise.
In sending Darrell onto the roof with employees of the company to perform services for the company, Mr. Burns, at least by implication, made Darrell an employee of the company. Bates v. Lagars, La.App., 193 So.2d 375; Ranson-Rooney v. Overseas Railways, 17 La.App. 205, 134 So. 765; R.S. 23:1039.
In interpreting the Louisiana Workmen's Compensation Act, the courts have held that this statute was designed to cover all employees who might reasonably be brought under its protection, and should be liberally construed to that end, irrespective of whether plaintiffs are attempting to recover compensation thereunder or are seeking to recover in tort. In Thibodaux v. Sun Oil Company, La.App., 40 So.2d 761, affirmed 218 La. 453, 49 So.2d 852, 853, the Courts said:
"We find the following statement found in the case of Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668, 672, (2), to be very appropriate and applicable to these three cases: `The compensation statute, with its amendments, was designated to cover all employees who might reasonably be brought under its paternalistic protection. In the Dick case, (Dick v. Gravel Logging Co.), 152 La. 993, 95 So. 99, supra, the court said that the statute is humane in its purpose and that its scope should be enlarged and its provisions liberally construed so as to include all services that can reasonably be said to be within the said statute. If it is to be liberally construed so as to include all possible persons when they seek *668 its protection, surely it would not do to say that the provisions of the statute should be restricted when persons, in order to recover in tort, are attempting to have themselves excluded from the coverage of the statute.' (Our Italics.)"
Therefore under the circumstances of this particular case, we feel that there was no question but that young Darrell was a casual employee of Wilson Wholesale Distributors at the time of the accident, and that therefore his sole remedy for the accidental injuries sustained would be in Workmen's Compensation and not in tort.
Conceding, however, solely for the purposes of argument, that young Darrell was not an employee at the time of the accident, there is no question in our mind that he would have been guilty of contributory negligence. The evidence shows that he had been walking in a forward direction unrolling the visqueen until he came approximately half-way across the roof. At this point he turned around and began walking backwards in order to speed up the operation at which half-way point, by his own testimony, he would have been some ten yards from the edge of the roof. He then proceeded to walk backwards in unrolling the visqueen for a distance of some thirty feet during which time he testified that he did not turn around to see how close he was coming to the edge of the roof, although he knew that the edge of the roof was behind him.
At the time of the accident Darrell was fifteen years of age. An average normal boy of this age should know about and appreciate the dangers involved in falling off a roof. In climbing upon the roof he exposed himself to such danger and he thereafter acted knowingly and heedlessly with reckless disregard for the consequences when he commenced to back up on the roof and did not look backward to determine how close he was coming to the edge of the roof. Certainly young Darrell was of such age and maturity as to be held accountable for contributory negligence. There is no evidence which would show otherwise.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the petitioners.
Judgment affirmed.