458 So.2d 592 (1984)
Curtis D. SELLERS, Plaintiff-Appellant,
v.
CITY OF ABBEVILLE, et al., Defendant-Appellee.
No. 83-940.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
Writ Denied January 25, 1985.
*593 Lucius A. Hornsby, Jr., Lafayette, for plaintiff-appellant.
Edward O. Taulbee, IV of Martin & Taulbee, Lafayette, for defendant-appellee.
Before FORET, STOKER and KNOLL, JJ.
STOKER, Judge.
Curtis D. Sellers, the plaintiff in this worker's compensation case, was injured on or about February 2, 1983 while preparing to undergo a physical readiness test conducted by the Abbeville City Police Department.
Mr. Sellers was previously employed by the City of Abbeville as a police officer but was terminated in November, 1982 because he failed to pass the Civil Service test. He later passed the test. In February, 1983 the City of Abbeville required applicants for employment as police officers to pass a physical agility test in addition to the Civil Service test.
On the morning he was injured, Mr. Sellers went to the Abbeville City Police Department and was taken to the Lafayette City Police Station for the physical agility test. He was told to warm up prior to taking the test. He injured himself while warming up or practicing.
The primary issue in the case is whether Mr. Sellers is an employee for purposes of worker's compensation benefits. The trial court found that no employer-employee relationship existed at the time of the accident and that, therefore, Mr. Sellers is not entitled to benefits under the terms of the Worker's Compensation Act.
In Gaspard v. Travelers Insurance Company, 284 So.2d 104 (La.App. 3rd Cir. 1973), the court states that the essence of the employer-employee relationship is the right to "control." The four primary evidentiary factors considered in deciding the above are: (1) selection and engagement, (2) payment of wages, (3) power of dismissal, and (4) power of control." In plaintiff's first assignment of error, he argues that the trial court was clearly wrong when it found that all four of these factors were necessary for there to be an employer-employee relationship. The trial court did not find that all four were necessary. The court found that none of the essential elements existed at the time of the accident.
Plaintiff's second assignment of error was that "[t]he trial court was wrong in concluding that Curtis D. Sellers was not an employee of the City of Abbeville when Mr. Sellers was performing work ordinarily performed by policemen, soldiers, marines, sailors, and others engaged in vigorous activities." The trial transcript shows that no evidence was introduced as to what work is ordinarily performed by policemen, soldiers, marines, sailors, and others engaged in vigorous activities. However, even conceding that the warm-up activity *594 Sellers was engaged in resembled activities ordinarily performed by such persons, that fact does not indicate an employment relationship.
The trial court was not wrong in concluding that Sellers was not an employee of the City of Abbeville at the time of his injury. He had been terminated in November of 1982. No wages were paid to Sellers after that time and no wages were to be paid him for taking the test.
Plaintiff then argues that he was a casual employee of the City of Abbeville. His third assignment of error was that the court was clearly wrong in failing to apply the law as found in Beard v. Wilson Wholesale Distributors, Inc., 215 So.2d 664 (La.App. 1st Cir.1968) and Pflieger v. Haws, 180 So.2d 892 (La.App. 1st Cir.1965).
In the Beard case, Darrell Beard, a 15-year-old boy, went to the premises of Wilson Wholesale Distributors to look for work. He was told he was not needed that day, but he remained on the premises. When it began to rain the assistant manager, who was authorized to hire the boy when his services were necessary, sent Darrell and a couple of the regular employees to cover holes in the roof of the warehouse with visqueen. Darrell was injured when he fell off the roof. The court found that Darrell was an employee and that his sole remedy for his injuries was in worker's compensation. At the time of the accident Darrell was performing duties in furtherance of his employer's trade. He fell under the presumption of LSA-R.S. 23:1044, "A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter."
The Beard case can be distinguished from the present situation. Mr. Sellers was not rendering services for the City of Abbeville. He was taking the test for his own benefit so that he would be eligible for employment. He does not fall within the presumption of Section 1044 of the Louisiana Worker's Compensation Act. There is no employer-employee relationship. Mr. Sellers is not covered under the Worker's Compensation Act.
In the Pflieger case, the plaintiff was found to be an employee pro hoc vice. He was injured when unloading the truck of a company that was not his regular employer. He was found to be performing services for the owner of the truck, and thereby fell under the presumption of Section 1044. He was a casual employee of the owner of the truck. Again, Mr. Sellers was not performing services for the City of Abbeville and was not a casual employee.
We can find no contract of employment between Mr. Sellers and the City of Abbeville. Since there is no employer-employee relationship, the plaintiff is not entitled to worker's compensation benefits.
The decision of the trial court is affirmed.
AFFIRMED.
FORET, J., dissents.