NATIONAL LIFE & ACCIDENT INS. CO. v. BALL.

(Division B. March 31, 1930.)

[127 So. 268. No. 28556.]

W. J. Pack and W. L. Pack, Jr., both of Laurel, for appellant.

**Collins & Collins**, of Laurel, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In order that there may be an insurable interest in the life of another, "there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of

the assured. ·Otherwise the contract is a mere wager, by which the party taking the policy is directly interested in the early death of the assured. Such policies have a tendency to create a desire for the event. They are, therefore, independently of any statute on the subject, condemned, as being against public policy.'' Warnock v. Davis, 104 U. S. 775, 779, 26 L. Ed. 924; 14 R. C. L., p. 919; 37 C. J., p. 391.

In this case the policy was taken out and the premiums paid by appellee who claims to have been the son-in-law of the insured, but who shows no reasonable expectation of any such benefit in the continuance of the life of the insured as the law regards as necessary to form the basis of an insurable interest. The insured was without substantial property so far as the record shows, was to a large extent dependent on others, and was not even a member of the household of appellee. Relationship by affinity is not alone sufficient to confer an insurable interest on a son-in-law. 37 C. J., p. 395, and cases cited under note 15; and see the annotations to Crismond v. Jones, 117 Va. 34, 83 S. E. 1045, in Ann. Cas. 1917C, at page 158. And it is immaterial that the insured consented, for ''where one has no insurable interest in the life of another, the law will not permit him to take out insurance on such life, and, if he does so, will not lend its aid to the enforcement of such contract because against public policy, and the fact that the insured lends his consent to the transaction adds nothing whatever to its validity.'' Western & So. Life Ins. Co. v. Grimes, 138 Ky. 338, 128 S. W. 65, 67.

Appellee contends however that the insurer knew of the particular relation and of the want of insurable interest; and that the insurer, having nevertheless continued to collect the premiums from appellee, is now estopped to raise the point. If it were a matter wherein only the parties to the litigation were concerned, the argument of appellee would be unanswerable; but when a contract is in contravention of public policy, is contrary to the public good, the individual interests of the

immediate parties are subordinated to the superior concern of the public in general, so that, so long as the condemnatory vice remains in it, there is nothing that the particular parties to the contract may do which will make it otherwise than it was ab initio—void as against public policy, and therefore nonenforceable by the courts. Greenhood on Public Policy, pp. 1, 8; 10 R. C. L., p. 801, and the numerous cases cited under note 3; see, also, Cotton v. Mutual Aid Union, 132 Ark. 458, 201 S. W. 124.

Reversed, and judgment here for appellant.