This case tenders for decision the right or lack of right of a boy under the age of 18 years to recover from his employer workmen's compensation for injuries sustained while performing the duties of his employment.
According to the allegations of the petition the minor, James H. Kennedy, son of K.H. Kennedy, was injured on or about June 30, 1946, while loading logs in the discharge of the duties of his employment with defendant; that he was employed by defendants with the knowledge and consent of his parents.
Plaintiff appealed from judgment sustaining exceptions of no cause and no right of action, and dismissing his suit.
In this court appellant filed a plea of estoppel based upon the premise that the hiring of the boy by defendants was a violation of a penal statute, Act No. 301 of 1908, as amended, and that defendants should not be allowed to profit from their own wrongdoing, which would ensue if they escape liability for payment of the compensation for which sued.
Subsection 6 of Section 3 of the Employers' Liability Act, No. 20 of 1914, Louisiana General Statutes, § 4393, has reference to the employment of minors. It accords to minors, 18 years old and upward, the right to determine for themselves whether, in the performance of contracts of hiring with employers engaged in hazardous businesses, named in the Act, the provisions thereof shall or shall not apply; but as to a minor under the age of 18 years the cited section of the Act requires that the father, mother or tutor of the minor, but if neither of these is available, then the Court shall represent him in the contract, and determine whether in performing the duties thereof the provisions of the Act shall apply. The cited section closes with this proviso, to wit: "Provided, that this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in paragraph 2 of Section 1, or that may be determined to be hazardous under the operation of paragraph 3 of Section 1." Act No. 85 of 1926.
When the Employers Liability Act was adopted by the Legislature, Act No. 301 of 1908 was in effect. It is designed to regulate the employment of children. Section 1 thereof, inter alia, provides: "* * * That from and after the passage of this Act it shall be unlawful for any person, agent, firm, company, co-partnership, or corporation to require or permit or suffer or employ any child under the age of 14 years to labor or work * * * in any other occupation not herein enumerated which may be deemed unhealthful or dangerous."
The Act, in some respects, was amended in 1914, 1916, 1926, 1930, 1932, 1942, and, lastly, by Act No. 210 of 1944. That part of the last amendment, pertinent to the present discussion, reads as follows: "No minor under 18 years of age (except those indentured as apprentices in accordance with the provisions of Act 364 of 1938 of the Legislature of Louisiana) shall be employed, permitted, or suffered to work:
* * * * *
"In logging operations."
[1] This amendment, in effect, abrogated that portion of subsection 6 of Section 3 of the Workmen's Compensation Law, which, under the conditions named therein, permitted minors over 14 but under 18 years of age to legally enter into contracts of hiring with persons engaged in hazardous occupations, that would come *Page 561 
under the provisions of the Workmen's Compensation Law. The 1944 amendment unqualifiedly forbids any minor under 18 years of age to enter into a contract that has logging for its object and purpose. It is obvious that the consent of parent, tutor, etc., cannot validate such a contract.
Plaintiff's counsel and those appearing as amici curiae argue that it was not the Legislative intent by the adoption of the 1944 amendment to alter the status of the law, with reference to the employment of minors, as resulted from passage of the 1908 and 1914 acts. They also seriously stress the seeming injustice and inequity that will result from denial of recovery by plaintiff.
Prior to the adoption of the mentioned amendment the Supreme Court and this Court had occasion to consider and construe the quoted provision of the Employers Liability Act in connection with Act No. 301 of 1908, and in each instance held that injury sustained by minors under the age of 14 years while working under contracts of employment in hazardous businesses were not compensable; in other words, that as to such persons the quoted provision of subsection 6 of Section 3 of the Act had effective application. See: Plick et al. v. Toye Brothers Auto Taxicab Co., 169 La. 44, 124 So. 140; Ross et ux. v. Cochran Franklin Co., Inc., 10 La. App. 719, 122 So. 141; Liner et al. v. Riverside Gravel Company et al., 13 La. App. 664, 127 So. 146.
These decisions expressly, or in effect, held that under the 1908 act a minor not 14 years of age was incapable of legally contracting his services to anyone and, therefore, the general provisions of the Workmen's Compensation Law do not accord to him the right to recover compensation, if and when injured, as is accorded to persons not comprehended within the referred to prohibition. Since the 1908 Act, as amended, fixes the minimum age at which minors may legally contract to work in hazardous businesses, etc. at 18 years, what was said in the cited cases equally applies to the Act as amended. 14 A.L.R., page 819, has this to say on the subject, to wit: "While there is some conflict upon the question, the rule is adhered to by the weight of authority that the employment contemplated by the provision of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful."
Adoption of a workmen's compensation statute was a matter that addressed itself to the wisdom of the lawmaking branch of the state; it has acted, and, of course, the conditions that must exist to warrant reception by an injured workman of the benefits provided by such action could only have been prescribed by the enacting power.
The quoted portion of subsection 6 of Section 3 of the Act is free of ambiguity. It possesses sufficient elasticity to warrant application thereof not only to any law then in existence but to those subsequently adopted by the Legislature having for their purpose and object the barring from certain kinds of work persons under a certain age. It must be assumed that the law-maker did not overlook the possibility or likelihood of the age limit in the respects referred to being changed by it or else it would have definitely fixed such limit at 14 years in order to track the provisions of the 1908 Act. The failure to so do, it seems to us, was not accidental nor inadvertent.
While it is true, as has been repeatedly said by the courts, the Workmen's Compensation Law is a humane one and was designed to and does effectively make provision for benefits of a substantial character to injured workmen in the trades, businesses and occupations named therein, and to their widows and minor children in case of death, not theretofore enjoyed by them, it is also true that statutes of the character of Act No. 301 of 1908 and amendments thereto are also adopted out of humane considerations. They are enacted to protect children of tender ages from the hazards and harmful effects of the sweat shops of industry.
[2, 3] It is the province of a court of competent jurisdiction, in proper cases, to apply the unambiguous provision of a statute to the proven facts of a case, even though, in particular cases the results of the application seem hard, as also it is *Page 562 
their duty in cases arising under the Workmen's Compensation Law to see to it, as far as legally lies within their power, that its benefits are not denied to those coming within its beneficent provisions.
[4-6] It is elemental that as one of the prerequisites to the formation of a legal contract of hiring, as well as all other contracts, the parties thereto must be legally competent and qualified to so engage themselves. Civil Code, art. 1779. It is also elemental that as a prerequisite to the right to demand and receive workmen's compensation the injury or death, forming the basis thereof, must have occurred while the relation of employer and employee existed. If this relation did not then exist, certainly the benefits vouchsafed by the Workmen's Compensation Law do not accrue. As the law forbids persons under 18 years of age to contract in the logging business, this positive prohibition of the law would have to be ignored in order to "grant the compensation herein sought.
[7] The plea of estoppel was submitted on the face of the record. We think it without merit. To sustain the plea would virtually nullify the far-reaching, protective benefits the 1944 amendment was intended to guarantee. Such action would open the door to the promiscuous employment of minors in hazardous businesses and bring about observance of the law in its breach.
For the reasons herein given, the judgment appealed from is affirmed with costs.
 On Rehearing.
The far reaching importance of the law questions involved in this case had controlling influence in our decision to grant the rehearing applied for by plaintiff. When the rehearing was granted we were of the opinion that we had not erred in our judgment on either of the two legal points tendered in the case, but did wish to re-examine them, especially that of estoppel. Additional study and consideration of these two questions have not served to alter the conclusions expressed by us in the original opinion, but, on the other hand, strongly tend to confirm those conclusions.
[8] The questions for decision below and here, were tendered on exceptions of no cause and no right of action. It was necessary in passing on said exceptions that only the face of the petition be considered. These questions are:
1. Do the provisions of the Workmen's Compensation Law apply to a contract of hiring wherein the employee, under the age of 18 years, was injured while performing the duties of his employment, to wit: logging, which is hazardous under said law?
2. Under said facts, granting that the Workmen's Compensation Law does not apply, is the employer estopped to invoke the illegality of the contract of hiring and the law that makes it so, in defense of a suit by the minor to recover compensation for incapacitating injuries? In other words, can the employer herein escape liability for payment of compensation to plaintiff by taking a position equivalent to alleging his own turpitude as a party to a contract reprobated by laws that, in effect, announce a rule of public policy?
In our original opinion we resolved both of the primary questions negatively and, of course, the last or alternative question, in the affirmative.
In view of the clarity of the language of the statutory law applicable to question No. 1, and the cited decisions construing and applying same, we deem further elaboration and discussion thereof unnecessary. The question of estoppel cannot be disposed of so easily.
Appellee's contention is not that the injured minor is without redress for his injuries, but that he has mistaken his remedy; that is, that his right to demand and receive from his employer indemnification for his injuries is governed by the general law of tort. Articles Nos. 2315 and 2316 of the Revised Civil Code.
[9] The law, Act No. 301 of 1908, as lastly amended by Act No. 210 of 1944, that forbids the employment of minors under the age of 18 years in hazardous businesses, such as logging, simply, in effect, announces a rule of public policy of the state whose plenary power to legislate thereon cannot be successfully challenged. So zealous was *Page 563 
the law maker in the desire to insure observance of the law, it affixed thereto a penal clause whereby an employer convicted of violating it could be punished by fine and/or imprisonment. The law is prohibitory in character, is in derogation of common rights and was designed to accomplish far-reaching good and benefit to those classes of persons comprehended within its prohibitory provisions.
[10] It is a fundamental law of this state that whatsoever is done in contravention of a prohibitory law is void. Article No. 12 of the Revised Civil Code.
[11] The weight of authority, insofar as we have been able to discover, sustains appellee's position as regards the plea of estoppel. The general rule applicable thereto is well expressed in 19 American Jurisprudence, § 149, page 802, which, so far as pertinent, we quote:
"It is generally considered that as between the parties to a contract, validity cannot be given to it by estoppel if it is prohibited by law or is against public policy, though there are some limitations upon, and qualifications of, this rule."
* * * * * *
"The general rule above stated is in accordance with the well-established principle that an estoppel cannot be founded upon an illegal act. The reason underlying it is that when the matter of illegality arises, the question ceases to be one solely between the parties or between private individuals."
In line with this doctrine, the Supreme Court of the State of Mississippi, in National Life and Accident Insurance Company v. Ball, 157 Miss. 163, 127 So. 268, said: "Appellee contends however that the insurer knew of the particular relation and of the want of insurable interest; and that the insurer, having nevertheless continued to collect the premiums from appellee, is now estopped to raise the point. If it were a matter wherein only the parties to the litigation were concerned, the argument of appellee would be unanswerable; but when a contract is in contravention of public policy, is contrary to the public good, the individual interests of the immediate parties are subordinated to the superior concern of the public in general, so that, so long as the condemnatory vice remains in it, there is nothing that the particular parties to the contract may do which will make it otherwise than it was ab initio — void as against public policy, and therefore non-enforceable by the courts. Greenhood on Public Policy, pp. 1, 8; 10 R.C.L. p. 801, and the numerous cases cited under note 3; see, also, Cotton v. Mutual Aid Union, 132 Ark. 458, 201 S.W. 124."
The principle of law applicable to this case is also tersely but clearly expressed in Kelly v. Kelly, 131 La. 1024, 60 So. 671, as is reflected from paragraph 4 of the syllabus, to wit: "The doctrine of estoppel has no application to conventions which derogate from the force of laws made for the preservation of public order or good morals, and what is done in contravention of a prohibitory law is void, although the nullity be not formally directed. Civ. Code, arts. 11, 12."
The rule is to some extent more fully declared in Ackerman v. Larner et al., 116 La. 101-114, 40 So. 581, 586. We quote what the court therein said concerning the plea of estoppel then under consideration, to wit: "Estoppel, as predicated upon the maxim 'nemo allegans suam turpitudinem audiendus est,' it may be said, is a doctrine which forms part of the policy of the law by reason of its recognition by the courts, but, as the law itself is the paramount authority as to its policy, it follows that in those matters concerning which it speaks definitely, it cannot be controlled by an estoppel, which is but the creature of its creature. * * *"
The rule concerning estoppel, as reflected from the authorities cited supra, appears to prevail in other states of the Union. We cite, as in point, the case of Deer Creek Highway District v. Doumecq Highway District, arising in the State of Idaho, and reported in 37 Idaho 601, 218 P. 371, 373. The court, as disclosed from the syllabus, expressly ruled as follows: "An estoppel can never be invoked in aid of contract which is expressly prohibited by a constitutional or statutory provision."
[12] Appellant invokes the familiar rule of law that a person may not accept the *Page 564 
benefits accruing to him from the execution of a contract, affected by legal infirmities and, when it serves his selfish purposes to do so, repudiate that same contract because of said infirmities. Many Louisiana cases are cited by him and those appearing herein in the capacity of amici curiae to support this position. However, the facts of neither of the cited cases are even similar to the facts of the present case. In not one of those cases was the contract under consideration in violation of a prohibitory law, nor contrary to a law that, in effect, announced a rule of public policy. Therefore, the cited cases may easily be differentiated from the case at bar, and, perforce, should not be accorded the influence in determining this case that assiduous counsel and amici curiae would have us do.
For the reasons herein assigned, and for those assigned in our original judgment, said original judgment is reinstated and made the final decree of this court.
KENNON, J., absent.