This is a suit in which plaintiff, individually and on behalf of his minor son, William R. Honeycutt, seeks to recover compensation for the alleged total disability of his said son resulting from injuries sustained while performing the duties of his employment. The defendant is the employer's compensation insurance carrier.
The allegations of plaintiff's petition set forth that his minor son, 17 years of age, was injured on or about July 15, 1946, while employed in the sawmill of one W. C. Steen, Jr., his employer, and further, that the employment of his son was with the plaintiff's full knowledge and consent.
An exception of no right and cause of action was interposed on behalf of defendant, predicated upon the proposition that minors engaged in an employment prohibited by law are expressly excluded from the benefits of the workmen's compensation statute. Act No. 20 of 1914, as amended. The exception was referred to the merits and plaintiff filed a plea of estoppel based on the point that the employer and his insurer could not set up the violation of a penal statute in the effort to escape liability for compensation.
Defendant's exception was sustained and plaintiff's suit dismissed. On appeal to this Court a motion to dismiss was sustained by reason of the fact that the record contained no signed judgment and the case was remanded to the District Court, La. App., 37 So.2d 560. A motion for a new trial by plaintiff was overruled, formal judgment dismissing plaintiff's suit was signed, and plaintiff has again appealed.
The issue presented by this case may be briefly stated as follows:
1. Is there a cause or right of action under the Workmen's Compensation Law of Louisiana in the interest and on behalf of a 17 year old minor injured in the course *Page 120 
of the performance of his duties in a hazardous employment?
2. Can the doctrine of estoppel be urged against an employer who has violated a prohibitory law by employing a minor in hazardous work?
Paragraph 6 of Section 3 of Act of 20 of 1914 as amended, by Act No. 85 of 1926, § 1, Section 4393, Dart's Statutes, reads as follows:
"Any employee of the age of eighteen and upwards engaged in any trade, business or occupation specified in paragraph 2 of section 1 (§ 4391), or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of section 1 (§ 4391), shall himself exercise the right of election or termination or waiver authorized by this section. Such right of election or termination or waiver shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the court. Provided, that this act shall not apply toemployees of less than the minimum age prescribed by law forthe employment of minors in the trades, businesses oroccupations specified in paragraph 2 of section 1 (§ 4391), orthat may be determined to be hazardous under the operation ofparagraph 3 of section 1 (§ 4391)." (Emphasis by the Court).
Reference to Section 4391 discloses the fact that the operation of sawmills is specifically designated as a hazardous trade, business or occupation.
Section 1 of Act 210 of 1944 amending Act 301 of 1908, § 8, provides as follows:
"No minor under 18 years of age (except those indentured as apprentices in accordance with the provisions of Act 364 of 1938 of the Legislature of Louisiana) shall be employed, permitted, or suffered to work:
* * * * * *
"(7). In or about sawmills * * *."
This matter involves purely and simply the interpretation of the law above set forth.
The identical questions herein presented were considered and discussed at length in the opinion of this Court in Kennedy v. Johnson Lumber Co., La. App., 33 So.2d 558. The Kennedy case was considered on rehearing because of the importance of the issues involved, and after such reconsideration our original judgment, which affirmed the judgment of the District Court sustaining exceptions of no cause and no right of action, was reinstated and made final.
It seems clear to us, for the reasons which were discussed and elaborated upon in the Kennedy case that the unambiguous provisions of the above-quoted section of the compensation statute specifically except a minor, below the minimum age prescribed by law who is employed in the trades, businesses or occupations enumerated, from the benefits of the Act. It necessarily follows in this case that a 17-year old youth employed in sawmill work is denied the right to compensation since his employment in such an occupation is prohibited by law.
We likewise adhere to our pronouncement in the Kennedy case that the doctrine of estoppel cannot be invoked on behalf of an injured minor for the purpose of clothing with validity any outright violation of prohibitory law.
Reference to the briefs of counsel and amici curiae in the Kennedy case disclose the citation of the same authorities and presentation of the same arguments that have been urged by diligent counsel for plaintiff in the instant matter.
The only new proposition presented in this case is found in the argument of counsel for plaintiff that the Legislature by the passage of Act No. 179 of 1948 has "clarified" the real intent of its earlier statutory pronouncements.
The Act of 1948, amendatory of the workmen's compensation statute, included an amendment of paragraph 6 of Section 3 of Act 20 of 1914, as amended, Section 4393, Dart's Statutes. This amendment consisted of the deletion and elimination of that portion of paragraph 6 which we emphasized in our above quotation. In our opinion in the Kennedy case we called attention to the fact that the remedy for the injustice in the effect of the laws which then existed, with respect to the denial of compensation to minors engaged in hazardous employment in violation of the prohibition *Page 121 
of law, was a matter which addressed itself to the Legislature and not to the Courts of this State.
We are happy to note that the legislature apparently acted upon this suggestion and corrected the workmen's compensation statute accordingly. However, since this amendment did not become effective until some two years after the accident in which the minor son of plaintiff in this case was injured, unfortunately it can have no bearing upon his rights.
We regret that we are unable to perceive any force in the argument of plaintiff's counsel that the amendment of 1948 should be construed in support of his contentions. On the contrary, we can only construe the amendment as effecting a very necessary change in the clear and unambiguous provisions of law theretofore existing which unintentionally, but nonetheless certainly, prevented a recovery by minor employees.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.