Plaintiff has filed this suit individually and for and on behalf of her minor son, Joseph Zumo, under the Workmen's Compensation Law against E. P. Cavin, the employer of the minor, John H. Traylor, with whom the defendant Cavin had contracted to build a house, and the latter's insurer, Great American Indemnity Company of New York, for total and permanent disability as a result of an accident to the minor on June 19, 1948.
The defendant Cavin's whereabouts were unknown and no service could be made *Page 93 
upon him, however, the other defendants filed a general denial to plaintiff's petition and specifically put at issue the following defenses:
First:
(1) The Child Labor Law of Louisiana specifically prohibits the employment of a minor under eighteen to operate a "power-driven woodworking machine";
(2) The Skil-saw which Zumo was using when he was hurt, and the type he had been using in the course of his employment by Cavin for some time before he came onto the Traylor job is a "power-driven woodworking machine";
(3) Therefore, the employment of Zumo by Cavin was illegal;
(4) The Workmen's Compensation Act which was in force at the time of young Zumo's injury (June 10, 1948) did not apply to such illegal employment; hence, there can be no recovery of workmen's compensation herein.
(5) Zumo was not an "employee" of either Cavin or Traylor since as a minor under the age of eighteen years he did not have the legal capacity to enter into a contract for work in an occupation specifically prohibited by the Child Labor Law.
Second:
Defendants contend that Zumo was never an employee of Traylor but was solely an employee of Cavin, who was an independent contractor.
The case was duly tried and judgment was rendered in favor of the defendants, dismissing plaintiff's suit at her cost, from which judgment plaintiff has prosecuted this appeal.
The facts as revealed by the record are that on the date of the accident, June 10, 1948, the minor was under the age of 18 but above the age of 16, having been born on March 19, 1932; that his father had been dead approximately three years during which period of time he had been working irregularly for the defendant Cavin, whose main business seemed to be the building of houses on a contracting basis. On the date of the injury, the minor was and had been for some time prior thereto employed as a carpenter or carpenter's helper and on said date, during the course of his employment and while assisting in the erection of a house which Cavin had contracted to build for the defendant Traylor, he was using a "Skil-saw" when it "bucked" and caught his arm just above the wrist almost severing it. According to the testimony, a "skil-saw" is a power driven woodworking machine and the minor testified that he had been using such a saw on and off during the time of his employment with the defendant Cavin for at least six months and prior to the time that he began working on the Traylor house.
Under these facts, the contention of counsel for plaintiff to the effect that the minor's use of this "Skil-saw" was ancillary to and merely incidental to his main job of house construction for which he had been employed is without force. The law seems to be plain, as Paragraph 6 of Section 3 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, § 1, Section 4393, Dart's Statutes, reads as follows: "Any employee of the age of eighteen and upwards engaged in any trade, business or occupation specified in paragraph 2 of section 1 (§ 4391), or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of section 1 (§ 4391), shall himself exercise the right of election or termination or waiver authorized by this section. Such right of election or termination or waiver shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the court. Provided, that this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in paragraph 2 of section 1 (§ 4391), or that may be determined to be hazardous under the operation of paragraph 3 of section 1 (§ 4391)."
Section 1 of Act No. 210 of 1944, amending Act No. 301 of 1908, § 8 provides as follows:
"No minor under 18 years of age (except those indentured as apprentices in accordance with the provisions of Act 364 of 1938 *Page 94 
of the Legislature of Louisiana) shall be employed, permitted, or suffered to work:
"(8) In the operation of power-driven woodworking machines * * *."
The identical question before this Court was presented to the 2nd Circuit Court of Appeal in the case of Kennedy v. Johnson Lumber Company et al., La. App., 33 So.2d 558; and again in the case of Honeycutt v. National Automobile Casualty Insurance Co., La. App., 41 So.2d 119, 120. In the latter case the Court held:
"This matter involves purely and simply the interpretation of the law above set forth.
"The identical questions herein presented were considered and discussed at length in the opinion of this Court in Kennedy v. Johnson Lumber Co., La. App., 33 So.2d 558. * * *
"(1) It seems clear to us, for the reasons which were discussed and elaborated upon in the Kennedy case that the unambiguous provisions of the above-quoted section of the compensation statute specifically except a minor, below the minimum age prescribed by law who is employed in the trades, businesses or occupations enumerated, from the benefits of the Act. It necessarily follows in this case that a 17-year old youth employed in sawmill work is denied the right to compensation since his employment in such an occupation is prohibited by law.
"(2) We likewise adhere to our pronouncement in the Kennedy case that the doctrine of estoppel cannot be invoked on behalf of an injured minor for the purpose of clothing with validity any outright violation of prohibitory law.
* * * * * *
"(3) The only new proposition presented in this case is found in the argument of counsel for plaintiff that the Legislature by the passage of Act No. 179 of 1948 has 'clarified' the real intent of its earlier statutory pronouncements.
"The Act of 1948, amendatory of the workmen's compensation statute, included an amendment of paragraph 6 of Section 3 of Act No. 20 of 1914 as amended, Section 4393, Dart's Statutes. This amendment consisted of the deletion and elimination of that portion of paragraph 6 which we emphasized in our above quotation. In our opinion in the Kennedy case we called attention to the fact that the remedy for the injustice in the effect of the laws which then existed, with respect to the denial of compensation to minors engaged in hazardous employment in violation of the prohibition of law, was a matter which addressed itself to the Legislature and not to the Courts of this State.
* * * * * *
"We regret that we are unable to perceive any force in the argument of plaintiff's counsel that the amendment of 1948 should be construed in support of his contentions. On the contrary, we can only construe the amendment as effecting a very necessary change in the clear and unambiguous provisions of law theretofore existing which unintentionally, but nonetheless certainly, prevented a recovery by minor employees."
We see no reason to disagree with the holding in the above-cited cases. It is accordingly ordered that the Judgment of the District Court be affirmed at plaintiff-appellant's cost. *Page 146