111 So.2d 802 (1959)
Irving F. ESTAVES
v.
William J. FAUCHEUX, Jr., Delta Fire & Casualty Company and Joseph A. Villeret.
No. 21196.
Court of Appeal of Louisiana, Orleans.
April 27, 1959.
Rehearing Denied May 25, 1959.
Certiorari Denied June 25, 1959.
*803 Thomas J. Kliebert, New Orleans, and Clarence A. Frost, Reserve, for plaintiff-appellant.
Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, David W. Robinson, Baton Rouge, of counsel, for Delta Fire & Casualty Co., defendants and appellees.
JANVIER, Judge.
This suit results from an automobile accident in which a young girl, Helena Estaves, 17 years old at the time, sustained physical injuries. Her father, Irving F. Estaves, brought this suit on her behalf for her injuries and suffering and on his own behalf for medical and other expenses made necessary by those injuries.
The defendants named in the petition were William J. Faucheux, Jr., the driver of the automobile and the employer of the young girl, Delta Fire & Casualty Company, the liability insurer of Faucheux, and Joseph A. Villeret, the driver of the other car which was involved in the accident.
As already stated, Faucheux was the employer of the young girl, and, in the alternative that it should appear that the business of Faucheux was hazardous and that the accident occurred in the course of and arose out of her employment in that business, plaintiff prayed for an award under our compensation laws, Act 20 of 1914, as amended by the Act 179 of 1948, LSA-R.S. 23:1041.
All defendants answered, Villeret, the driver of the other car, denying that he had been at fault, and Faucheux and his insurer, Delta Fire & Casualty Company, denying fault on the part of Faucheux but making as their principal defense to the suit in tort the contention that the girl was an employee of Faucheux, that she was in the automobile as a result of the necessities of the hazardous business of Faucheux, and that the accident had arisen out of and had occurred during the course of her employment in that business, and that consequently since, if there was liability in compensation, there could be no liability in tort, the suit insofar as it was based on tort should be dismissed.
The two defendants, William J. Faucheux, Jr., and Delta Fire & Casualty Company averred that not only do our compensation laws, where applicable, exclude recovery in tort, but that the policy of insurance which had been issued by Delta Fire & Casualty Company to Faucheux expressly excluded from its coverage any liability for tort for injury sustained by an employee under circumstances which might create liability in compensation.
Before the matter was tried in the District Court, it was stipulated that the suit should be dismissed insofar as it was alternatively *804 a claim for compensation. It may be noted here that on the same day on which this suit was filed, the plaintiff, Irving F. Estaves, on his own behalf and on behalf of his minor daughter, filed another suit in the same Court (Twenty-third Judicial District Court for the Parish of St. James) in which he alleged that his daughter, at the time of the accident, was an employee of Faucheux, and that under the circumstances should be permitted recovery in compensation. That suit is still pending on the docket of the District Court.
In the matter which is now before us there was judgment dismissing the suit as against all three defendants. The reasons given by the District Judge for dismissing it as against Faucheux and Delta Fire & Casualty Company was that, in his opinion, the young girl was an employee of the defendant, William J. Faucheux, Jr., and that the transportation was an incident of her employment, "was actually a part of it," and that the accident arose out of and occurred in the course of that hazardous employment, and that consequently there could be no recovery against those defendants in tort. The suit as against Villeret was dismissed for the reason that the District Judge felt that the accident had been caused solely by negligence of Faucheux and that Villeret had been in no way at fault.
Plaintiff appealed as against all three defendants, but when the matter was argued before us counsel for plaintiff stated that they did not desire to "press" the appeal against Villeret since he was "judgment proof."
Consequently, the only question which confronts us is whether or not our compensation statute, LSA-R.S. 23:1102 et seq., is applicable under the facts presented here, and if so, whether the applicability of our compensation laws precludes recovery in tort.
There is practically no dispute over the facts. Helena Estaves, at the time (April 18, 1955) was 17 years of age. She was employed in the restaurant of Faucheux which was in a small commercial settlement know as Lutcher on the Airline Highway which runs between New Orleans and Baton Rouge. In this restaurant alcoholic liquors were sold for consumption on the premises.
Faucheux also owns or is interested in an automobile or garage establishment in that settlement near to his restaurant. In this settlement there are very few residences. It is a few miles from Gramercy, Louisiana, where many persons reside, and it is conclusively shown that such help as was required by Faucheux in the operation of his restaurant and the servicing of his customers could not be obtained in Lutcher and could be found only in Gramercy and that therefore it was necessary that such employees as were required be transported back and forth between their homes in Gramercy and the restaurant in Lutcher.
It is shown, and in fact not denied, that because of this situation Faucheux regularly arranged for the transportation of these employees, sometimes using cars of his garage or automobile establishment, sometimes using his personal family car, and sometimes employing taxicabs. It is conceded that there was nothing about the operation of the restaurant itself which would have justified the legal conclusion that in operating it Faucheux was within the contemplation of the Workmen's Compensation Law in that the restaurant business was hazardous. Therefore, the sole contention of Faucheux and of his insurer is that, since it was necessary in the operation of his restaurant that he transport his employees to and from their homes by automobile the said transportation became an integral part of his restaurant business, with the result that accidental injuries sustained by such employees during the course of such transportation should be considered as having occurred in the course of and having arisen out of that employment, and that because of that transportation the business of Faucheux insofar as those employees were concerned was hazardous.
*805 Before considering the question of whether the necessary furnishing by the employer of motor transportation to employees between their residences and the place of employment converts a business which is not otherwise hazardous into one which is within the contemplation of our compensation laws, Act 20 of 1914, as amended, LSA-R.S. 23:1031, we must first investigate three contentions of plaintiff, any one of which, if sustained, would prevent the application of compensation laws even if the business of the employer, because of the use of motor vehicles, could be considered as hazardous.
The first of those contentions is that our compensation statute, even as now amended, does not afford compensation coverage to any minor under the age of eighteen. The second is that even if the statute, as now amended, contemplates certain minors who are under the age of eighteen, it cannot be considered as contemplating those minors under the age of eighteen who are employed in violation of a prohibitory law. And counsel for plaintiff point to two statutes, each of which according to counsel, made the employment of this seventeen year old minor illegal. These statutes are LSA-R.S. 23:161 and LSA-R.S. 23:215. The first of these statutes provides that no minor under the age of eighteen years shall be employed "* * In any place or establishment in which intoxicating alcoholic liquors are served or sold for consumption on the premises * * *" and the second provides that "* * * no girl under the age of eighteen years shall be employed, permitted, or suffered to work * * * after seven o'clock at night."
That Act 20 of 1914 has been amended so as to provide compensation for minors under the age of eighteen who are legally employed there can be no doubt. Originally the statute, in paragraph 4 of section 3, contained the following limitation:
"* * * Provided, that this act shall not apply to workmen of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in paragraph 2 of Section 1, or engaged in the trades, businesses or occupations that may be determined to be hazardous under the operation of paragraph 3 of Section 1."
The unfair result of this proviso was noted several times by our courts and was forcibly called to the attention of the Legislature by the Court of Appeal for the Second Circuit in Honeycutt v. National Automobile & Casualty Ins. Co., 41 So.2d 119. That court cited its original decision, in Kennedy v. Johnson Lumber Co., 33 So. 2d 558, in which it had discussed the effect of that proviso which deprived coverage of compensation laws to certain minors who might be injured as a result of accident arising out of and during the course of employment. In such cases such minors, if injured under circumstances which did not warrant recovery in tort from the employer were, by that proviso, in the original act deprived of compensation coverage available to older employees and thus could not recover either in tort or in compensation. In the Honeycutt case, supra, the Court directed attention to this and said:
"* * * In our opinion in the Kennedy case we called attention to the fact that the remedy for the injustice in the effect of the laws which then existed, with respect to the denial of compensation to minors engaged in hazardous employment in violation of the prohibition of law, was a matter which addressed itself to the Legislature and not to the Courts of this State." [41 So.2d 120.]
The Court also stated that:
"* * * the legislature apparently acted upon this suggestion and corrected the workmen's compensation statute accordingly. * * *"
The correction referred to was Act 179 of 1948 which entirely eliminated the proviso *806 contained in Paragraph 4 of section 4 of the Act of 1914 and obviously intentionally extended compensation coverage to minors under the age of eighteen years.
The prohibitory law which was involved in those cases was Act 210 of 1944, which amended Act 301 of 1908, and which, in section 1, provided that:
"No minor under 18 years of age (except those indentured as apprentices in accordance with the provisions of Act 364 of 1938 of the Legislature of Louisiana) shall be employed, permitted, or suffered to work:
* * * * *
"(7). In or about sawmills * * *."
In still another case, a prohibitory law was involved and in that case, Zumo v. Cavin, 43 So.2d 92, the Court of Appeal for the First Circuit adopted the view which had been set forth by the Court of Appeal for the Second Circuit in the two cases mentioned, to wit: the Kennedy case and the Honeycutt case. Thus in each of those cases in which the amendment of 1948 of our compensation statute was involved, there was a minor employed in violation of a prohibitory law, and, since in each of those cases it was held that the minor, as a result of the statute as originally enacted, could not recover in compensation, we are certain that it was the intention of the Legislature, in eliminating the proviso from the act of 1914, to make it possible for minors under the age of 18 but illegally employed to recover if otherwise the circumstances and facts justified recovery. In other words, it was the intention of the lawmakers to see to it that, though the Legislature did not approve of the employment of minors in certain occupations and at certain times, nevertheless the employers should not be permitted to shield themselves against a compensation claim by pleading the illegal employment of the minor. Of course, in the case at bar the employer and his insurer are not attempting to shield themselves by pleading that there is no compensation coverage but, on the contrary, are pointing to that coverage as shielding them against an action in tort. But that fact does not eliminate the necessity that the compensation statute, where applicable, be held to be exclusive and that, accordingly, it be held that where there is compensation coverage there is no liability in tort.
Counsel for plaintiff maintain that even the elimination of the proviso from the Act of 1914 did not make the statute applicable to all minors since, by another statute, Act 154 of 1948, the Legislature made special provision for minors between the ages of 12 and 17 who might be accidentally injured while engaged in a "street trade." The argument is that, since the Legislature thought it necessary to enact a special statute to include minors engaged in "street trades," the elimination of the aforementioned proviso from the act of 1914 did not make compensation available to other employees than those especially mentioned in Act 154 of 1948, which is now LSA-R.S. 23:273. We do not agree with this. In other words, we feel that the general elimination of the proviso that the act should not apply to minors under the age of 18 had the effect of making it applicable to minors under 18, although illegally employed, if otherwise the circumstances and facts made the act applicable.
If the young girl with whom we are concerned was injured by accident arising out of and occurring in the course of employment, then, as a result of the amendment of 1948, she was within the coverage of our compensation laws if because of the nature of the employment she was afforded compensation protection.
That rights under LSA-Civil Code, Article 2315 and rights under our compensation statutes are mutually exclusive is well settled. We, therefore, shall do what the Supreme Court did in Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121, 122, and determine first whether the facts justify the application of the compensation *807 statute before investigating the question of whether or not there was fault.
In the Griffin case, supra, the Supreme Court said:
"Inasmuch as the plaintiff's suit in tort will be precluded if recovery is allowable under the compensation statute, we will consider the alternative plea first."
Soon after the enactment of Act 20 of 1914 our Supreme Court was called upon to determine whether the operator of a motor vehicle should be considered as employed in a hazardous occupation and in Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380 gave an affirmative answer to that question. Since that decision there have been many cases in each of which there was involved the question of whether employees who are engaged in employment which is hazardous are within the contemplation of our compensation laws while they are being transported to and from their residences in motor vehicles provided by the employer, and it is now well settled that in such situations those employees are within the contemplation of our compensation laws.
In Griffin v. Catherine Sugar Co., Inc., supra, the Supreme Court cited many cases and quoted as follows from its earlier decision in Farris v. Louisiana Long Leaf Lumber Co., 148 La. 106, 86 So. 670:
"* * * `where transportation is furnished by an employer as an incident of or under the contract of employment an injury to or death of an employee which results while he is riding to or from work in a conveyance so furnished by the employer arises out of and in the course of the employment, within the meaning of the workmen's compensation acts.' 145 A.L.R. 1033. See, also, Nesbitt v. Twin City Forge & Foundry Co., 145 Minn. 286, 177 N.W. 131, 10 A.L.R. 169; 21 A.L. R. 1223; 24 A.L.R. 1233, and Denver & Rio Grande Western R. Co. v. Industrial Comm., 72 Utah 199, 269 P. 512, 62 A.L.R. 1438, and the authorities therein cited and discussed."
The only discernible distinction between the facts of those cases cited in the Griffin case and those found here is that in those earlier cases the principal business of the employer was itself hazardous, whereas here the principal business of the employer, William J. Faucheux, Jr., is conceded to be nonhazardous, and it is only the transportation itself which is pointed to as making our compensation laws applicable. We think that the distinction between this and those earlier cases does not exist between this and the Griffin case. Griffin was a fieldhand who, among others, was engaged in the "so-called agricultural end * * *" of his employer's business. If there was a hazardous part of the business of the employer, Griffin had no connection or contact whatever with any hazardous feature of that business. Under those facts the Supreme Court based its decision, that the employee was in the contemplation of compensation laws, on the one fact that, since the employer could not have obtained employees otherwise, it was necessary to furnish motor transportation between the place of employment and the homes of the employees, and that thus the transportation of fieldhands became an integral part of the employer's business. That fact and that fact alone made the business hazardous so far as those employees were concerned.
Here that exact situation existed. The record leaves no doubt at all that the employer could not have obtained employees for the operation of his nonhazardous restaurant business without furnishing motor transportation. We therefore agree with the District Judge who, in his reasons for judgment, said:
"The evidence convinces me that the transportation furnished by William Faucheux, Jr., to Helena Estaves was an incident to her employment."
Counsel for plaintiff point to the fact that Faucheux did not regularly furnish exactly *808 the same means of transportation, i. e.: he did not provide the same automobile. It is shown that he sometimes furnished transportation by using one of the cars connected with his automobile business and that sometimes he employed taxicabs and that on other occasions he used his personal family car which is the car which was being used at the time of the accident with which we are concerned. We think that this made no difference. It was not the particular car which became a part of the business of the employer. It was the fact that motor transportation was furnished and that motor transportation became an integral part of his business.
A further contention of plaintiff is that even if it could be said that the furnishing of motor transportation made the business hazardous, so far as this employee was concerned, the accident did not occur in the course of or arise out of her employment since it did not occur while the automobile was being driven directly from the place of employment to the home of the employee.
The record shows that on that occasion several other employees were being transported to their homes and that this particular employee could have been taken directly to her home by a shorter route, but that instead Faucheux first took the other employees home, this particular one remaining in his car until after all of the others had been discharged and that then she was taken to her home. We do not think that this slight diversion from what might have been the shortest route could be said to require a holding that the accident did not occur in the course of or arise out of the employment.
Our conclusion is that the injuries to this particular employee were sustained under circumstances which make our compensation laws applicable and that the inescapable result is that there is no cause or right of action in tort.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.