HAMITER, Justice.
 

 Mrs. Aurelia Bourgeois instituted this suit to recover compensation, under the
 
 *995
 
 provisions of the Louisiana Employers’ Liability Statute, Act No. 20 of 1914, as amended, for the injury and death of her minor son, Allen Bourgeois, which occurred while he was in the employ of the J. W. .Crawford Construction Company. Named as defendants were the minor’s employer and its compensation insurer, the Employer’s Casualty Company. The employer was never cited, however, and the suit as to it was dismissed.
 

 On August 22, 1944, the first day of his employment in the hazardous business of the construction company, the minor, then 16 years and some months old, stepped on a nail, as a result of which he contracted tetanus and died within a few days. At the time he was residing with his mother, the plaintiff herein, who lived separate and apart from her husband, the minor’s father.
 

 Plaintiff alleged, among other things, “That said employee had made no choice as to whether or not he came under the Employers’ Liability Act, but that petitioner, as his surviving mother, totally dependent upon him, does hereby so elect for his employment to come under the Workmen’s Compensation Act, and the benefits thereof.”
 

 The district court rendered judgment in favor of plaintiff and against the employer’s insurer for 300 weeks’ compensation of $9.36 per week (32%% of the employee’s weekly wage), plus $50 hospital expense and $150 funeral cost. On appeal to the Court of Appeal the judgment was reversed and the suit dismissed. The case is before this court as the result of our issuing the writ of certiorari applied for by plaintiff.
 

 In the brief of defense counsel it is said:
 

 “The sole question to be decided in this case is: Where a minor between the ages of sixteen and eighteen years engages in a hazardous employment, without the knowledge of his mother and father, and is injured in the course of said employment, before his mother or father learn of his employment, and subsequently dies of said injury, can his dependent mother, who is above the age of majority and mentally competent, successfully maintain a suit for compensation under the provisions of Act 20 of 1914, as amended, the Workmen’s Compensation Act?”
 

 In urging that the question should be answered in the affirmative counsel for plaintiff, as shown in their brief, take the position that the minor employee “ * * * would either be presumed to have elected to come under the Workmen’s Compensation Law, or else his parent would have the right after his accidental death of making the election in his behalf.”
 

 Preliminary to a discussion of the question presented, it is well to consider the history, theory and growth of workmen’s compensation legislation. Before it came into being the only recourse of. an- employee to compel remuneration for injuries sus
 
 *997
 
 tained while employed in a hazardous occupation was to sue in a regular tort action and prove negligence on the part of the employer. But in the great majority of cases his demands were denied because of his inability to prove negligence of the employer or because of the defense of contributory negligence, assumption of risk, or the fellow-servant doctrine. If the employee himself was partly to be blamed, or if a fellow-worker caused the injury, or if the contract of employment apparently subjected him to the risk of harm, he lost his case. It has been estimated that, due to such situation, approximately 70% of the wage loss resulting from disability caused by industrial or work accidents was borne by the workers themselves.
 

 In 1884 Germany, led by Bismarck, evolved the idea (and placed it in practice) of compensating work injuries on the basis of employment relation, not on that of negligence. The idea spread to England and to the United States, and it has been incorporated in legislation in virtually all of the states of this country. The legislation purposes primarily to abolish the common law system of defenses with reference to injuries to employees, it having proved inadequate to meet modern conditions and conceptions of moral obligations, and to substitute therefor a system based on a high conception of man’s obligation to his fellow man. This system, adopted as a humanitarian measure, creates a new type of liability — liability without fault — and makes it dependent solely on a relationship to the job, in a liberal, humane manner, with litigation reduced to a minimum. And under it the loss incurred as a result of the employee’s injury is recognized as an element of the cost of production, to be charged to the industry rather than to the individual employer and liquidated in the steps ending with consumption, so that the burden is finally borne by the community in general. Horovitz on Workmen’s Compensation, pages 1 to 10; Schneider’s Workmen’s Compensation Law, 2d Ed., Volume 1, Sections 1 and 2; Puchner v. Employer’s Liability Assurance Corporation, 198 La. 921, 5 So.2d 288.
 

 The Louisiana Employers’ Liability Act was adopted in 1914, and from time to fitnp thereafter it has been amended. As to its purpose this court has commented:
 

 “To the legal action which the injured employee might have to recover full indemnification the act substitutes a right to partial indemnification, but seeks to facilitate and insure as far as possible the recovery of this indemnity. To that end it takes away defenses, simplifies procedure, and creates presumptions. * * * ” Bronson v. Harris Ice Cream Company, Inc., 150 La. 455, 90 So. 759, 760.
 

 Addressing ourselves now to the particular question posed by this litigation, it is conceded that the minor when injured was engaged in the hazardous business of his employer, and that his mother, the plaintiff herein, was wholly and actually de
 
 *999
 
 pendent on him. These are two requisites for the recovery of compensation by this plaintiff. It is also essential for the recovery, of course, that our compensation statute be otherwise applicable to the minor’s employment.
 

 Paragraph 1 of Section 3 of the statute, as amended by Act No. 85 of 1926, provides that the act shall not apply to any employer or employee “ * * * unless prior to the injury they shall have so elected by agreement, either express or implied,
 
 as hereinafter provided.”
 
 Paragraph 2 relates to employment agreements entered into prior to the effective date of the statute, and has no bearing on this case. Paragraph 3 recites that every contract of hiring (in businesses affected by the statute) “ * * * made subsequent to the time provided for this act to take effect,
 
 shall be presumed to have been made subject to the provisions of this act,
 
 unless there be as a part of said contract an express statement in writing either in the contract itself or by written notice by either party to the other, that the provisions of this act * * * are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby, unless such election be terminated as hereinafter provided.” Paragraph 4 states: “Any agreement or election, either express or implied,
 
 or presumed under the provisions of
 
 * * *
 
 paragraph 3 of this Section,
 
 between an employer and any employee * * * for the operation of the provisions of this act may be terminated by either party to the contract of hiring giving written notice not less than thirty days prior to the accident to the other party of such contract that the provisions of this act * * * shall no longer apply.” In paragraph 5, it is said: “Either an employee who has given notice to his employer in writing as aforesaid or an employer who had given notice to his employee in writing as aforesaid that he elects not to be subject to the provisions of this act, may waive such election by a notice in writing which shall take effect immediately.” And paragraph 6 declares “Any employee of the age of eighteen and upwards * * * shall himself exercise the right of election or termination or waiver authorized by this Section. Such right of election or termination or waiver shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the Court. Provided, that this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors * * (Italics ours.)
 

 This last quoted proviso, which excludes from the statute’s operation employees of less than the minimum age required for employment, is without relevancy to the instant case; plaintiff’s son at the time of his injury was 16 years and some months of age. Further, in this connection, whenever the word “minor” is used hereinafter
 
 *1001
 
 it has no reference to a person within that excluded group.
 

 The remaining above referred to provisions of Section 3, as we understand them, render the compensation statute applicable to every person (minors as well as ■majors) employed in a business determined to be hazardous, unless it is expressly stated in writing as a part of the ■employment contract, or the employee or ■employer gives written notice to the other not less than thirty days prior to the ac■cident, that the statute shall not apply. As to the minor employee less than 18 years ■of age the mentioned statement in writing ■or the written notice is to be given either "by his father, mother, tutor, or the court.
 

 Of course, by considering paragraph 1 of Section 3 alone the impression is gained that the act is operative strictly on the mutual contract theory and is applicable only when the employer and employee expressly or impliedly contract, pri- •or to the injury, to have its provisions govern the employment. But that paragraph,. as stated therein, must be read in ■connection with the other provisions of Section 3, particularly those of paragraphs .3 and 4. When this is done it is clear that the confection of such a contract is not required. If the parties have not so agreed (either expressly or impliedly), and nei■ther has stipulated in writing that the statute shall not be applicable, the law presumes for both an agreement or election to be governed by the provisions of the act. And the agreement or election, whether it be express or implied or presumed (as declared in paragraph 4), endures until terminated by either party’s giving to the other the thirty day written notice prescribed in paragraph 4. Further, even after a termination is effected the party giving the notice may waive it by his furnishing to the other a statement in writing that he wishes to do so.
 

 The reason for the creation of the presumption of an election or agreement to be bound by the act is obvious. As before shown one of the primary purposes of compensation legislation was to abolish the common law system of defenses, with reference to injuries to the employee, and to eliminate the necessity of proving negligence on the part of the employer. Hence, in a vast majority of industrial or work injury cases, the provisions of the statute are very much to the benefit and advantage of the employee. For this reason his employment has been placed under those provisions, by operation of law through the creation of the presumption, and it is governed thereby until he chooses otherwise.
 

 The presumption applies to all employees, even minors working without the consent of their parents. The compensation statute is as beneficial to minors as it is to majors, if not more beneficial. If minors were not intended to be affected by the presumption unquestionably the Legisla
 
 *1003
 
 ture would have specifically excepted them from it
 

 The right of election (referred to in paragraph 6) to he exercised on behalf of an employee under the age of 18 by a parent, tutor, or the court, relates, in our opinion, to an election not to be subject to the act. There is no need, as before shown, for a representative to elect for him that the statute shall apply; the law presumes such an election. It is when the beneficial effects of the statute are thought to be inadequate for the minor that his representative is permitted to elect that he not be bound by the provisions.
 

 In the instant case it appears that the parents of the injured' employee never elected that his employment should not be governed by the compensation statute. In fact, the record discloses that they were unaware of the employment. This being true the agreement to be subject to the act which the law presumes was effective at the time of the injury and death, and plaintiff, as the dependent mother, is entitled to recover compensation herein.
 

 This conclusion, as well as the interpretation hereinabove given to the provisions of Section 3 of the statute, accords with the holdings of this court in at least two previous cases. In Garcia et ux. v. Salmen Brick & Lumber Company, 1922, 151 La. 784, 92 So. 335, 337, plaintiffs were awarded compensation for the death of their 17 year old son who was killed while at work for the defendant at its brick and tile factory. In granting the award the court observed .in the course of the opinion, among other things, that, “The presumption is that the contract is to be governed by the act regulating the rights and remedies of the employer and employee, in the absence of any agreement or notice to the contrary.”
 

 Again, in Labourdette v. Doullut & Williams Shipbuilding Company, Inc., 1924, 156 La. 412, 100 So. 547, 548, the father sued for damages, under Civil Code Article 2315, for the death of his son aged 17 years and seven months who was killed accidentally while in defendant’s employ. An alternative demand for compensation was not made. The petition contained no allegation to the effect that the father, prior to the accident, had^ elected that the employee should not be subject to the provisions of the Employers’ Liability Act; nor was any mention made therein respecting knowledge on the part of the father as to his son’s employment. At the commencement of the trial defendant objected to the reception of any evidence in the case for the reason that the petition disclosed a claim for compensation, not one for damages in tort. The district court sustained the objection and dismissed the' suit, reserving to plaintiff the right to sue for. compensation. On appeal to this court, in affirming the judgment, we commented:
 

 “The date when the deceased was employed, that is, when the contract of em
 
 *1005
 
 ployment was entered into, does not appear. All that we know, in this respect, is that the deceased was engaged in discharging the duties of his employment when he was killed accidentally in September, 1919. However, it is immaterial whether the contract of employment was entered into before or after the promulgation of the act of 1918, since the presumption in either event is the same; that is, that the deceased, at the time he met his death, was, in so far as relates to his employment, subject to the provisions of the Employers’ Liability Act, unless the contrary be made to appear, as indicated above.
 

 * * * * * *
 

 “The issue, therefore, under consideration is reduced to this: Does the petition make such a contrary showing? As we have seen, it does not. There is not a single allegation in it, placing the employment alleged outside of the Employers’ Liability Act. Hence the presumption is that the employment was subject to the provisions of 'that act, and was governed thereby.
 

 5jC
 
 *
 
 * !¡S J|S Jjc
 

 “Hence, as the presumption is that the employment of the deceased was governed by the provisions of the Employers’ Liability Act, so long as that, presumption is permitted to remain, it must be considered that plaintiff’s claim for damages is excluded from the provisions of article 2315 of the Civil Code. * * *”
 

 In 1929, the Court of Appeal of the Second Circuit in deciding Ross et ux. v. Cochran & Franklin Company, Inc., 10 La.App. 719, 122 So. 141, 142, similarly construed Section 3 of the compensation statute. There the plaintiffs sought to recover damages under Civil Code Article 2315 on behalf of their minor son who had been injured during the course of his employment. Alternatively, they prayed for an award of compensation. In affirming the judgment of the district court, which rejected the main demand but granted compensation to plaintiffs, the court said:
 

 “The boy was employed without the knowledge or consent of his parents, both of whom were living. He was injured on the tenth day after having been employed, but there was no election by agreement between him and his employer previous to the injury that the contract should be subject to the provisions of the Workmen’s Compensation Acts, and it is now suggested that, inasmuch as there was no such election by agreement between the parties, the acts do not apply. The injury, as stated, was sustained on the tenth day after the contract of employment was entered into, and we do not think that it was necessary that such agreement be made, because in the original act and each of its amendments, including Act 85 of 1926, it is specifically provided that the parties shall be presumed to have elected by the contract of employment to be subject to the provisions of that law. * * * ”
 

 
 *1007
 
 But a different construction has since been given to Section 3 (as to minors) by the Courts of Appeal of both the First and Second Circuits. In Ballard v. Stroube Drug Company, et al, 10 So.2d 532, 533, decided by the Court of Appeal of the First Circuit in 1942, the plaintiff sued in tort to recover for injuries to. his son sustained while working for the defendant. He alleged that the accident occurred on the day the minor commenced working, and that the employment was without the knowledge and consent of the parents. In the alternative workmen’s compensation was demanded. As to the action in tort the district court sustained exceptions of no cause and no right of action, they having been grounded on the theory that the claim was governed exclusively by the compensation law, and plaintiff appealed. The Court of Appeal reversed the judgment, overruled the exceptions, and remanded the case for further proceedings. In reaching the decision it reasoned, with respect to the provisions of Section 3 of the statute, as follows:
 

 “The requirement for an election by a minor under eighteen to be made for him by either his father, or mother or tutor clearly indicates his inability to make the election for himself, whether that election is a presumed one under the provisions of paragraph 3 to come under the act or a special agreement not to come under'it. To presume an election for such a minor to come under the act without the implied or express consent of his parents or tutor would create the anomalous situation of giving such a minor the capacity to have a presumed election forced on him without the consent of his parents, while denying him the capacity to elect not to come under the act without the consent of his parents or tutor.
 

 • “Our opinion is that the presumed election to come under the act in order to have effect against a minor under eighteen years of age must have either the implied or express consent or approval of his parents or tutor. * * * ”
 

 The court erred, we think, in concluding that for the presumed election (to come under the Act) to be effective as to the minor employee it must be supported by either the implied or express consent of either the parents or tutor. What the conclusion overlooks is that Section 3 sets forth three different kinds of agreement by reason of which the statute is made applicable — the express, the implied, or the presumed. The presumed agreement (or election) is a creature of the law, designed to be operative when and if there is no express or implied agreement whatever, and, being thus created and designed, there is no need for the consent, either express or implied, of the parents or tutor. As to whether or not the Legislature acted wisely in making the presumption effective as to minors is not for the judiciary to determine.
 

 It is interesting to note that the same Court of Appeal (First Circuit) did recog
 
 *1009
 
 nize the distinction between a consent election and a presumed election (provided for in Section 3 of the statute) in the case of Brooks v. American Mutual Liability Insurance Company et al., 7 So.2d 654, 658, 659, also decided in 1942. On the question of whether or not plaintiff therein had alleged a cause of action for damages in tort for the death of her husband (a major) the court commented:
 

 “The petition in this case does not allege that there was any agreement between the deceased and his employer that the provisions of the compensation law were not to apply, nor does it allege that either the deceased or his employer had given notice to the other at least 30 days before the accident that the provisions of the act were not to apply. It therefore follows that the deceased employee was working under a contract of hiring whereby he is presumed to have elected to come under the provisions of the act. * * * ”
 

 In Melton v. Fraering Brokerage Company, Inc., 1947, 31 So.2d 884, the Court of Appeal of the Second Circuit adopted the conclusion announced in the Ballard case, i. e., that the presumed election to come under the act (with reference to a minor employee) must have the consent of the parents or tutor of the minor, and then it proceeded to consider the question of responsibility as between the father and mother for giving the consent.
 

 True, we refused to grant writs of certiorari in both the Ballard and Melton cases, applications for which were filed. Of the application in the former it may be said, however, that no reference was therein made to the jurisprudence of this court, particularly the Labourdette decision mentioned supra. The application in the latter concerned primarily the question of the giving of consent as between the mother and the father of the minor. Nevertheless, the holding in the Ballard and Melton cases are contrary to our jurisprudence, and they must be and are now expressly overruled.
 

 Having determined that the employment of plaintiff’s minor son was governed by the compensation statute, in view of the legally created presumed agreement discussed above, it is unnecessary for us to consider the further and alternative contention of plaintiff that she, under the provisions of Section 16 of the statute, as amended by Act No. 38 of 1918, had the right to make an election in his behalf after the accidental death.
 

 For the reasons assigned, the judgment of the Court of Appeal is now reversed and set aside, and it is ordered, adjudged and decreed that the judgment of the district court, which was in favor of Mrs. Aurelia Bourgeois and against defendant Employer’s Casualty Company for 300 weeks’ compensation at $9.36 per week beginning September 1, 1944, together with legal interest on all past due installments until paid, and also for the sum of $50 hospital expense and $150 funeral expense, be reinstated and made the final decree of this court. The named defendant shall pay all costs.