**GOINGS et al. v. HARDWARE MUT. CAS. CO.**

No. 14125.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1953.

888

Harry H. Richardson, Bogalusa, La., Bentley G. Byrnes, New Orleans, La., Richardson & Richardson, Bogalusa, La., of counsel, for appellants.

H. L. Hammett, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against the public liability insurer of one Thomas Kleinpeter, the employer of plaintiffs' minor son, Eugene, the suit was in tort for damages for Eugene's death caused by the negligence of Kleinpeter and his employees.

The claim was in substance: that because their said son "was engaged in a prohibited and illegal contract of employment within the terms and provisions of the Child Labor Law of the State of Louisiana LSA–R.S. 23:151 et seq., and without the knowledge and consent of appellants", their action was in tort instead of exclusively under the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1 et seq.

The defendant filed a motion to dismiss on these grounds: (1) that since the passage of Act 179 of 1948, the Workmen's Compensation Act of Louisiana, LSA–R.S. 23:-1021 et seq., applies to minors engaged in prohibited employment; [1] (2) that the rights and remedies granted to an employee or his dependents by the Act are exclusive and no others may be pursued; [2] and (3) that the Act applies to minors by operation of law under a conclusive presumption of consent and no actual agreement or consent on the part of the minor or his parents is required.[3]

The district judge sustained this motion, and plaintiffs have appealed.

Here, in an elaborate argument, which would be more appropriately addressed either to the courts or to the Legislature of the State of Louisiana, appellants seek to persuade us to give to the statutes in question here a construction and an effect different from that accorded to them by the Louisiana Courts. In support of their argument, they cite paragraph 4 of the original Employers' Liability Act, which provided that it should not apply to minors employed in prohibited or hazardous occupations, and cases decided under that law.

As to Act 179 of 1948, deleting that provision, and the decision of the court in Honeycutt v. National Automobile & Cas. Ins. Co., supra, they urge upon us that the effect of this act and this decision is to confer an option upon an illegally employed minor to apply for compensation or sue in tort.

Appellants point us to nothing in the language of the Act, nothing in any of the decided cases in Louisiana, supporting their view. We find nothing either in the Act or in the cases which supports this view. Following the path of the law as the Legislature and the Courts of Louisiana have marked it out, as we must, we may not do otherwise than declare: that the order appealed from was rightly entered; and that it is affirmed.

Affirmed.

1. Honeycutt v. National Auto & Cas. Ins. Co., La.App., 41 So.2d 119.

2. Sec. 34 of the Act LSA–R.S. 23:1032; Atchison v. May, 201 La. 1003, 10 So.2d 785.

3. Bourgeois v. J. W. Crawford Construction Co., 213 La. 992, 36 So.2d 13.