FRUGÉ, Judge ad hoc.
This is a suit in tort, and alternatively for workmen’s compensation brought by the tutrix of a minor to recover for injuries which resulted in the loss of his right hand.
Edward Jackson was a minor, only fifteen years of age on April 28, 1957. He was injured while operating a carousel or merry-go-round owned by Buff Hottle Shows, Inc. Edward Jackson had been working about the Buff Hottle Shows, Inc. fair grounds for two days prior to his accident and injury. The operating mechanism of the carousel contained exposed gears in which Edward Jackson’s glove became entangled and his hand was drawn into the gears and mangled, requiring amputation between the wrist and elbow.
At the time of the said accident Buff Hottle Shows, Inc. was engaged along with the City of Thibodaux and its fire department in staging a fair known as “The Fireman’s Fair” for the benefit of the Thibodaux fire department. The said fair was being conducted on the land of the Lafourche Parish School Board which had been made available to the city and Buff Hottle Shows, Inc. for this said use. The defendants are: Buff Hottle Shows, Inc., a corporation domiciled in the State of Illinois and its insurer from liability arising out of the negligence or the negligent operation, Reserve Insurance Company; (2) Houston Fire and Casualty Insurance Company, maintaining a policy insuring the City of Thibodaux, including all *262 its agencies, specifically its fire department for liability arising out of any negligence; (3) Employers’ Liability Assurance Corporation, Ltd., having a policy of insurance in force on behalf of the La-fourche Parish School Board and its agencies and specifically the Thibodaux public school grounds; (4) Exchange Insurance Association, a foreign corporation insuring plaintiff Buff Hottle Shows, Inc. against liability for injuries to employees.
Plaintiffs contend in their petition that a valid, legal relationship of employment is necessary to the application of workmen’s compensation law to this accident. Plaintiff further contends that no valid or legal employment relationship existed in this instance, and in fact, no contract or relationship of employment existed in this case; and that, therefore, the law of torts following LSA-Civil Code, Article 2315 is applicable. In the alternative, plaintiff pleads application of the workmen’s compensation law.
Every defendant filed various exceptions. We are particularly concerned however, at this time, with the exceptions filed by Buff Hottle Shows, Inc. and Reserve Insurance ■Company; Employers’ Liability Assurance ■Corporation, Ltd., and Houston Fire and ■Casualty Company. These particular exceptions are exceptions of no cause or right .of action.
The exception of no right or cause of action filed by Employers’ Liability Assurance Company 'Corporation, Ltd., was maintained by the trial court. The exception of Buff Hottle Shows, Inc. and Reserve Insurance Company was maintained only insofar as any liability other than workmen’s compensation.
In a separate decree an exception of no cause or right of action was filed by Houston Fire & Casualty Company and maintained. There is apparently no appeal from the latter judgment.
The judgment of the District Court on the date of March 28, 1958, gave reasons as follows:
“The exceptions of no right of action and of no cause of action filed by the defendant Buff Hottle and Reserve Insurance Company, and by the Employers’ Liability Assurance Corporation, Limited, relate particularly to the right of plaintiff to bring this action in tort.
“It is our opinion that this proceeding comes completely within the purview of the jurisprudence established in the case of Bourgeois v. [J. W.] Crawford Construction Company [213 La. 992], 36 So.2d 13, which holds that such employment was presumed to be subject to the provisions of the compensation act, and was governed thereby, and that ‘so long as that presumption is permitted to remain it must be considered that plaintiff’s claim for damages is excluded from the provisions of Article 2315 of the 'Civil Code.’
“For these reasons, the exceptions were maintained as to Employers’ Liability Assurance Corporation, Limited; and maintained as to Buff Hottle and Reserve Insurance Company insofar as any liability other than workmen’s compensation is concerned.”
Plaintiff appeals from this judgment and urges that the District Court’s ruling based on Bourgeois v. J. W. Crawford Construction Company, 213 La. 992, 36 So.2d 13 did not consider plaintiff’s primary contentions that there can be no application of the workmen’s compensation law unless there be a contract of employment and that if such employment be illegal, then the application of the workmen’s compensation law is restricted to the “Street Trades” alone. Fie then quotes from Act 20 of 1914 prior to the 1948 Act as follows:
“ * * * Provided, that this act shall not apply to [employees] of less *263 than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in paragraph 2 of Section 1, or engaged in the trades, businesses or occupations that may be determined to be hazardous under the operation of paragraph 3 of Section 1.” Act No. 20 of 1914, § 3, subd. 4.
He then argues that this provision specifically prohibited application of the Act to minors employed legally or illegally in the trades or occupations specified therein. He states that a number of cases were decided by the courts interpreting that statutory provision and interpreting the rights of minors illegally employed.
He then refers to Kennedy v. Johnson Lumber Company, La.App., 33 So.2d 558, and states that a thorough review of the application of workmen’s compensation to minors illegally employed was thoroughly discussed in this well reasoned decision, and he points out that it concludes that an attempt to illegally employ a minor does not give rise to the contract of hiring essential to the application of the workmen’s compensation act.
Plaintiff then further reasons that the court in the Johnson case did not rely solely on the provisions of the quoted section of Act 20 of 1914, but that the court clearly and implicitly established that the contractual relationship of employer and employee must exist, in the absence of specific statutory provisions for workmen’s compensation to apply. He then points out that in addition, the court established that an attempt to contract in contravention of a prohibitory law was void ab initio and would be given no force and effect.
Plaintiff then states that the law of Louisiana was thus recognized by the United States Court of Appeal, Fifth Circuit in the New Amsterdam Casualty Co. v. Soileau, 167 F.2d 767, 6 A.L.R.2d 128 and he quotes from that decision. He then points out that this case reflected the deciding factor to be that the want of employer-employee relationship then obtained in both state and federal courts. Plaintiff further contends that unless plaintiff was competent to contract, then no relationship of employer and employee could arise, the said relationship arising only out of a contract. Then he quotes the Louisiana law further to show how the contract of employer and employee shall apply. And, in so doing, he refers us to LSA-C.C. Articles 162, 163, 165, 1780, 1782, 1785, 1792, and in pursuance of these codal articles he quotes from the case of Gott v. Scott, La.App., 199 So. 460, at page 463, thus:
“Mildred Scott was a minor seventeen years of age and therefore was incapacitated to contract except in such cases as are specifically provided for, Revised Civil Code, Articles 1782 and 1785 * *
In further support of his contention, he quotes from the case of D. H. Holmes Co. v. Rena, La.App., 34 So.2d 813.
Plaintiff then argues that the minor, being only fifteen years was incapable of contracting without the intervention or ratification of his parent, who had no knowledge of his employment until after his injury, and that plaintiff herein could not contract for his own employment and that his parent could not contract for him, and that finally in effect, Edward Jackson, nor his parent could contract in contravention of a prohibitory law.
He then cites the pertinent provisions of the LSA-Civil Code Articles 12, 1892, 1895, and LSA-Revised Statutes 23:162, 23:161,23:163.
And in support of his contention, that even though the parties herein wished to contract, they could not have done so. He cites the case of Kennedy v. Johnson Lumber Company, supra, 33 So.2d at page 561.
“These decisions expressly, or in effect, held that under the 1908 act a minor not 14 years of age was incapable of legally contracting his serv *264 ices to anyone and, therefore, the general provisions of the Workmen's Compensation Law do not accord to him the right to recover compensation, if and when injured, as is accorded to persons not comprehended within the referred to prohibition. Since the 1908 Act, as amended, fixes the minimum age, at which minors may legally contract to work in hazardous businesses, etc. at 18 years, zvhat zvas said in the cited cases equally applies to the Act as amended. * * * ” (Emphasis ours.)
He then cites other cases in line including American Jurisprudence on Workmen’s Compensation, 58 Am.Jur. 680, Workmen’s Compensation, Sec. 152, and the case of Lee v. Kansas City Public Service Co., 137 Kan. 759, 22 P.2d 942.
Then he points out that in addition to the foregoing want of capacity by the minor to contract, and the failure of his parent to contract for him or ratify a contract of employment, that there is also the fact that there was never an agreement by Buff Hottle Shows, Inc. to pay wages to Edward Jackson, plaintiff, for such services as he might perform. He points out that he was a mere invitee upon the premises of the defendants, who volunteered to serve the carnival without agreement for the payment of wages and who notwithstanding his having been present each day at the fair grounds for the same period of time, was offered different sums of money for services to the carnival, but not in actual wages.
He then quotes from Act 154 of 1948[1] and has this to say about its application. He says that the act satisfied a need of long standing to give protection to newsboys and persons similarly situated where the peculiar nature of their work often prevented any recovery for injuries connected with their employment. He thus points out that said Act 154 of 1948 created an impossible situation in the statutes. For the reason that the said statute above quoted, prohibited the application of the act to minors illegally employed, he states that Act 154 of 1948 applied the Workmen’s Compensation Law to minors in street trades, whether legally or illegally employed. Then he observes that Act No. 179 of 1948 [2] which deleted this prohibition was necessary to give full force and effect to Act 154 of 1948. He strenuously argues that it does not and could not have been the intent of the legislature to apply Workmen’s Compensation Law to instances wherein no contract of employment existed by the mere deletion of the prohibition. He does not question the fact that the legislature may qualify, enlarge or even take away the right granted by LSA-Civil Code Article 2315 to recover for damages or injuries. And, he states in coverance of his argument that workmen’s compensation is such a qualification and restriction of that right. Then he argues that the basic requirement for the application of workmen’s compensation is that there must be a relationship of employer and employee. The only question to this absolute requisite is in the area specifically delineated by Act No. 154 of 1948. And then he concludes, it therefore follows that in every other instance, it is incumbent upon the party alleging the application of workmen’s compensation to first prove that there existed a contract establishing the employer and employee relationship.
Then he attempts to interpret the holding in the case of Bourgeois v. J. W. Crawford Construction Company, 213 La. 992, 36 So.2d 13 as not in point in the matter at issue.
This extended, well-reasoned, well-documented argument by plaintiff to sustain his contention that he has a right of action in tort in this action was rejected by the trial judge and we believe correctly so.
Plaintiff appellant seems to rely completely and rests his entire case on the *265 tenuous argument that because the legislature of Louisiana in Act 154 of 1948 saw fit to include in a broad coverage of the Workmen’s Compensation Law, those minors between the ages of 12 and 17, inclusive, accidently injured while engaged in a street trade, it, through some transformation, has the effect of limiting the specific intention of that Act 179 of 1948 which specifically applies to minors engaged in prohibitive employment and confers upon such minors an inclusive remedy under the Workmen’s Compensation Act of Louisiana.
We do not agree with plaintiff’s interpretation of the effect of these two Acts. All of the cases relied on by plaintiff being prior to the decision of the Bourgeois v. J. W. Crawford Const. Co., supra, is of no avail. A mere casual reading of the Bourgeois case makes it patently clear that the law of this State with respect to the specific question presented in this case has been decided conclusively by our Supreme Court and which was specifically cited by this court with reference to the particular question raised in the case at bar in Early v. Ethyl Employees Recreation Ass’n, La.App., 101 So.2d 716, 717, at page 719. Our Supreme Court, in the Bourgeois case, speaking through Justice Hamiter, stated:
“Of course, by considering paragraph 1 of Section 3 alone the impression is gained that the act is operative strictly on the mutual contract theory and is applicable only when the employer and employee expressly or impliedly contract, prior to the injury, to have its provisions govern the employment. But that paragraph, as stated therein must be read in connection with the other provisions of Section 3, particularly those of paragraphs 3 and 4. When this is done it is clear that the confection of such a contract is not required. If the parties have not so agreed (either expressly or impliedly), and neither has stipulated in writing that the statute shall not be applicable, the law presumes for both an agreement or election to be governed by the provisions of the act. And the agreement or election, whether it be express or implied or presumed (as declared in paragraph 4), endures until terminated by either party’s giving to the other the thirty day written notice prescribed in paragraph 4. Further, even after a termination is effected the party giving the notice may waive it by his furnishing to the other a statement in writing that he wishes to do so.
“The reason for the creation of the presumption of an election or agreement to be bound by the act is obvious. As before shown one of the primary purposes of compensation legislation was to abolish the common law system of defenses, with reference to injuries to the employee, and to eliminate the necessity of proving negligence on the part of the employer. Hence, in a vast majority of industrial or work injury cases, the provisions of the statute are very much to the benefit and advantage of the employee. For this reason his employment has been placed under those provisions, by operation of law through the creation of the presumption, and it is governed thereby until he choses otherwise.
“The presumption applies to all employees, even minors working without the consent of their parents. The compensation statute is as beneficial to minors as it is to majors, if not more beneficial. If minors were not intended to be affected by the presumption unquestionably the Legislature would have specifically excepted them from it.” (Emphasis added.) [213 La. 992, 36 So.2d 16]
Inasmuch as the plaintiff’s petition alleges that the minor, Edward Jackson, was injured while illegally employed by Buff Hottle Shows, Inc., in the operation of its carousel, plaintiff’s sole and exclusive remedy lies in workmen’s compensation against *266 the minor’s employer, Buff Hottle Shows. It is self-evident that the law in this State is to the effect that the provisions of the Workmen’s Compensation Act, LSA-R.S. 23 :1021 et seq., applies to a minor injured while illegally employed in a prohibited employment and no other remedy may be pursued by the lawful representative of the injured minor. Furthermore, the provisions of the act apply to a minor in such a situation by operation of law under a conclusive presumption of consent and no actual agreement or coment on the part of the minor or his or her parents or other lawful representative is necessary or required. (Emphasis by the court.)
Prior to 1948, Paragraph 6 of Section 3 of the Louisiana Workmen’s Compensation Act, as amended by Act No. 85 of 1926, provided that:
“Any employee of the age of eighteen and upwards engaged in any trade, business or occupation specified in paragraph 2 of Section 1 (§ 4391), or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of Section 1 (§ 4391), shall himself exercise the right of election or termination or waiver authorized by this section. Such right of election or termination or waiver shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the court. Provided, that this act shall not apply to employees of less than the miniimwn age prescribed by law for the employment of minors in the trades, businesses or occupations specified in paragraph 2 of section 1 (§ 4391), or that may be determined to be hazardous under the operation of Paragraph 3 of section 1 (§ 4391).” (Emphasis ours.)
However, paragraph 6 of section 3 of the act was amended by Act No. 179 of 1948 by deleting and eliminating the last sentence of paragraph 6, which we have emphasized in our above quotation. As a result of the 1948 deletion of the above provision, paragraph 6, Section 3 of the act now provides (LSA-R.S. 23 :1041) :
“Any employee of the age of eighteen and upwards engaged in any trade, business or occupation specified in R.S. 23:1035 or engaged in any trade, business or occupation that may be determined to be hazardous, under the provisions thereof, shall himself exercise the right of election, termination, or waiver. Such right shall be exercised on behalf of any employee under the age of eighteen by either his father, mother, or tutor, or in default of them, by the court.”
It is clear that the legislative intent in amending paragraph 6 of section 3 of the Workmen’s Compensation Act by deleting and eliminating the italicized provision above quoted, was to give statutory effect to the Louisiana Supreme Court’s ruling in Bourgeois v. J. W. Crawford Construction Co., supra, the result of which ruling was to hold that a minor of sixteen years and some months employed in the hazardous business of the defendant construction company, who suffered certain injuries on the first day of his employment, his father and mother having no knowledge of, nor having consented to his employment, was exclusively within the protection of the Workmen’s Compensation Act.
While it is true that in the Bourgeois case the minor’s injuries were sustained in 1944 and, therefore, the Court determined the minor’s rights under the'provisions of paragraph 6, section 3 prior to its 1948 amending, the implicit result of the ruling was to hold that the rights and remedies of a minor engaged in a hazardous business of construction, a prohibited and illegal type of employment for a minor, were exclusively under the Workmen’s Compensation Act. It is only reasonable to assume that a minor employed in the *267 construction business would, at one time or another during said employment, perform one of the duties prohibited to a minor under eighteen years of age. LSA-R.S. 23 :- 161 as amended. Of course, it is recognized that the express holding of the Bourgeois case, supra, concerned itself with the question of whether the Workmen’s Compensation Act provides the minor with his exclusive remedy where his employment occurred without the knowledge and consent of his parents or tutor, in view of the requirements of paragraph 6 of section 3 that the parents or tutor exercise the right to elect whether the minor shall come under the protection of the act. In holding that in such a situation the Workmen’s Compensation Act is the exclusive remedy of the minor, the Court said that the act applies to a minor by operation of law under a conclusive presumption of consent and no actual agreement or consent on the part of the minor or his parents or tutor is required. See also, Early v. Ethyl Employees Recreation Ass’n, La.App., 101 So.2d 716.
This view is further strengthened by two past decisions of the Louisiana Courts of Appeal, the first by the Second Circuit Court of Appeal in Honeycutt v. National Automobile & Casualty Ins. Co., 1949, 41 So.2d 119, and the second by this court, in Zumo v. Cavin, 1949, 43 So.2d 92.
In both of the above cited cases the Courts indicated clearly (the Zumo case adopting with approval the words of the Honeycutt case) that the purpose and effect of the 1948 amendment to paragraph 6 of section 3 of the Workmen’s Compensation Act was to make the act the exclusive remedy of a minor injured while illegally employed in a hazardous business in violation of a prohibitory law, his parents having no knowledge of, nor having consented to, such employment. The facts of the instant case are identical with the facts of both the Honeycutt and Zumo cases in that in all three cases the minor is alleged to have been injured while illegally employed in a hazardous occupation in violation of one of the Child Labor Statutes of this State.
In both the Honeycutt and the Zumo cases the minors were injured prior to the enactment of the 1948 amendment to paragraph 6 of Section 3 of the act. Because of this fact, the courts in both of these cases found themselves bound to apply the provision of Paragraph 6, Section 3, later deleted by the 1948 amendment, and denied to the minors the protection of the Workmen’s Compensation Act, citing as authority the case of Kennedy v. Johnson Lumber Co., La.App., 33 So.2d 558, (Second Circuit), which was the leading case interpreting the later deleted provisions of Paragraph 6, Section 3.
However, in commenting on the effect of the 1948 amendment to paragraph 6 of Section 3 of the Compensation Act, the Second Circuit Court of Appeal said, in the Honeycutt opinion, 41 So.2d at page 120-121:
“The only new proposition presented in this case is found in the argument of counsel for plaintiff that the Legislature by the passage of Act No. 179 of 1948 has ‘clarified’ the real intent of its earlier statutory pronouncements.
“The Act of 1948, amendatory of the workmen’s compensation statute, included an amendment of paragraph 6 of Section 3 of Act 20 of 1914, as amended, Section 4393, Dart’s Statutes. This amendment consisted of the deletion and elimination of that portion of paragraph 6 which we emphasized in our above quotation. In our opinion in the Kennedy case we called attention to the fact that the remedy for the injustice in the effect of the laws which then existed, with respect to the denial of compensation to minors engaged in hazardous employment in violation of the prohibition of law, was a matter which addressed itself to the Legislature and not to the Courts of this State.
“We are happy to note that the legislature apparently acted upon this suggestion and corrected the worki *268 men’s compensation statute accordingly. However, since this amendment did not become effective until some two years after the accident in which the minor son of plaintiff in this case was injured, unfortunately, it can have no bearing upon his rights.
“We regret that we are unable to perceive any force in the argument of plaintiff’s counsel that the amendment of 1948 should be construed in support of his contentions. On the contrary, we can only construe the amendment as effecting a very necessary change in the clear and unambiguous provisions of law theretofore existing which unintentionally, but nonetheless certainly, prevented a recovery by minor employees.”
In the Zumo case, this Court, when faced with the identical situation presented in the instant case, quoted with approval, 43 So.2d at page 94, from most of the language of the Honeycutt case quoted above.
For the above and foregoing reasons, the judgment of the District Court maintaining exceptions of no cause or right of action is affirmed.
Affirmed.

. LSA-R.S. 23:271-23:274.

. LSA-R.S. 23:1021, 23:1038-23:1041, 23:1044.