351 So.2d 258 (1977)
A. G. ALIZZI and June McNeely Alizzi, Plaintiffs-Appellants,
v.
EMPLOYERS INSURANCE OF WAUSAU and Kenneth DuBose, Defendants-Appellees.
No. 6085.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearings Denied November 10, 1977.
Writs Refused January 11, 1978.
*259 Hodge O'Neal, III, Alexandria, for plaintiffs-appellants.
Jack O. Brittain, Natchitoches, for defendants-appellees.
Before HOOD, CULPEPPER, DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
Mr. and Mrs. A. G. Alizzi instituted this suit for damages for the death of their minor son, Warren Lee Alizzi. Alternatively, they demand workmen's compensation benefits. The defendants are Kenneth DuBose and his liability and workmen's compensation insurer, Employers Insurance of Wausau. The trial court rendered judgment for defendants. Plaintiffs appealed. We reverse.
The issue presented is whether the surviving parents of a minor child, who was employed without their knowledge or consent and was killed in the course of his employment, are restricted exclusively to a claim for workmen's compensation benefits as against the decedent's employer, when they did not have an opportunity to elect against workmen's compensation coverage on behalf of the minor.
Plaintiff's 12-year-old son, Warren Lee Alizzi, was killed almost instantly as the result of a motor vehicle accident which occurred on July 13, 1973. The accident occurred in the course of the decedent's employment by defendant DuBose.
Young Alizzi was employed by DuBose to "catch chickens" in connection with the latter's business, and he worked at that employment for two days, on July 11 and July 13, 1973. The accident occurred in the afternoon of the last mentioned date, while Warren was being transported from the place of his employment to his parent's home. He was riding in a pickup truck owned by DuBose and being driven by one of the latter's employees. The driver of the truck, like Warren, was acting in the course of his employment when the mishap occurred. The parties stipulated that the accident resulted solely and proximately from the negligence of the driver of the truck.
Mr. and Mrs. Alizzi did not know that Warren was working for DuBose on the day the accident occurred, and they did not consent to the employment. Late in the afternoon of July 11, Warren told his mother that he had worked for defendant that day, and immediately after he gave her that information Mrs. Alizzi instructed her son "never to go out again" or "not to do it anymore". She did not tell her husband that Warren had worked for DuBose that *260 day. Mrs. Alizzi had to leave her home for a while on the morning of July 13, and shortly after she left Warren returned to work for defendant, contrary to his mother's instructions. She did not know that he had returned to work for DuBose on July 13, until after the accident occurred.
Some time prior to July 11 Mr. Alizzi told Warren that he could not work for DuBose, and he was not aware of the fact that his son nevertheless had worked for defendant on July 11 and July 13, until after the accident.
Neither Mr. Alizzi nor Mrs. Alizzi told DuBose, or any of the latter's employees, that they had instructed their son not to work for DuBose before the date of the accident. Neither of them, in fact, had contacted DuBose for any purpose prior to the accident, and there thus was no agreement of any kind between the parties relating to the employment.
Mr. and Mrs. Alizzi were not dependent on their son, Warren, at the time of the accident.
After the death of the child, the defendant insurer (also known as Employers Mutual Liability Insurance Company of Wisconsin) paid the sum of $1,000.00 by check to Warren Meadows Funeral Home, to apply on the funeral expenses of the decedent. The check was negotiated by the funeral home.
This suit was instituted on June 27, 1974. Plaintiffs contend that they are entitled to recover in tort against defendants, since their son's injuries and death resulted from the negligence of an employee of DuBose. Defendants resist, contending that plaintiffs' remedy is exclusively under the workmen's compensation law, and that defendants have discharged their full obligation under that law by paying $1,000.00 to apply on the funeral expenses of the decedent.
Judgment was rendered by the trial court rejecting plaintiffs' demands. Plaintiffs appealed, and that appeal is before us now.
The law provides that every contract of hiring between an employee and an employer engaged in a hazardous business shall be presumed to have been made subject to the provisions of the workmen's compensation act, unless the contract contains an express statement in writing, or unless written notice is given by one party to the other, that the provisions of that act are not to apply. LSA-R.S. 23:1039. The law also provides that the right of election, termination or waiver shall be exercised on behalf of an employee under the age of eighteen by his father, mother or tutor, or in default of them, by the court. LSA-R.S. 23:1041.[1]
Adults must make their choice thirty days prior to injury. LSA-R.S. 23:1040. However, it is arguable that the provisions giving the choice for minors to their parents or tutors sets out no such limitation.
Plaintiffs contend that they have the right to elect now, after the death of their son, whether the employment should or should not have been subject to the provisions of the workmen's compensation act at the time of the accident. Their argument is that the law gives them the right to make that election in behalf of their son, that they did not have an opportunity to make such an election prior to the death of the boy because they were unaware of the employment, and that they should be permitted to make the election after the accident occurred, since that is the first knowledge they had of the employment and the first opportunity they had to make the election provided in LSA-R.S. 23:1039. We agree.
Defendant cites Bourgeois v. J. W. Crawford Construction Company, 213 La. 992, 36 So.2d 13 (1948), for the proposition that the presumption of an election binds all employees, even minors working without the knowledge or consent of their parents, and that the recourse of the surviving parents is exclusively under the Workmen's Compensation Act. This is true when the parents desire coverage, as was the case in Bourgeois. In a sense, the parent in that case *261 was confirming the presumption of coverage after the accident occurred.
In the instant case, the parents are attempting to elect against coverage. The Supreme Court in Bourgeois expressly pretermitted any discussion of the issue of making an election for a minor after the accident occurred. Therefore, the only controlling decision we have can be distinguished factually as well as legally.
We suggest that the appellate court decisions since Bourgeois have erroneously held that a parent cannot elect against coverage after the accident, calling the above noted presumption a "conclusive" one. See e. g. Matthews v. Buff Hottle Shows, 109 So.2d 261 (La.App. 1st Cir. 1959). We feel that these decisions misinterpreted both Bourgeois and the Act. Nowhere in the Act is there language making the presumption conclusive. In any event, in those cases it is not clear whether the parents knew their child was employed, or whether they were ignorant of the fact, as in the present case. Therefore, we are not persuaded by them.
There is no way that parents could make an election for their child if they are not aware that the child is employed. If the election provisions are to have any effect as to minors, the parents must be allowed a fair chance to remove their children from coverage if they so desire.
Therefore, we feel compelled to reverse the decision of the trial court and now hold that plaintiffs, having elected to remove their son from workmen's compensation coverage, were entitled to proceed in tort.
Since both sides stipulated that the accident was caused by the exclusive negligence of DuBose's employee, Jerry Grant, we now turn to the question of the award to be made to Mr. and Mrs. Alizzi.[2]
The parents are entitled to recover for their grief, and for their deprivation of love, affection and companionship. Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1975). In this regard it is appropriate to give consideration to the awards made in other similar cases, although these awards are by no means binding upon us. They are merely to be looked to for guidance. In recent years, the awards for the death of a child have ranged from the low of $25,000.00 per parent, Dupuy v. Pierce, 285 So.2d 321 (La.App. 3rd Cir. 1973) to $40,000.00 per parent, Walker v. St. Paul Insurance Co., 339 So.2d 441 (La.App. 1st Cir. 1976), and Ogaard, supra.
Warren Lee Alizzi was only twelve years old when he died. He was an affectionate child, athletic and outgoing. He was very close to his parents. No one can say what the future held for him, and no one can put a dollar value on the effect of this loss to his parents. However, considering all the testimony, evidence, and surrounding circumstances of this tragedy, we feel that $40,000.00 per parent is an appropriate award and is in keeping with the current trend in these type cases. Additionally, Mr. Alizzi is entitled to the sum of $1,275.51 as special damages subject to a credit of $1,000.00, being the amount paid by defendant-insurer for funeral expenses.
For the above and foregoing reasons the judgment of the trial court is reversed and set aside and judgment is rendered herein in favor of plaintiff, A. G. Alizzi in the sum of $41,275.51 and against defendants, Kenneth DuBose and Employers Insurance of Wausau, in solido, subject to a credit of $1,000.00, together with legal interest thereon from the date of judicial demand until paid, and in favor of plaintiff, June McNeely Alizzi for the sum of $40,000.00, against the same defendants in solido, together with all legal interest thereon from the date of judicial demand until paid. All costs, both at trial and on appeal, are to be borne by defendants-appellees.
REVERSED AND RENDERED.
*262 GUIDRY, J., concurred in the result.
HOOD, J., dissented and filed opinion and voted for rehearing in both applications.
CULPEPPER, J., dissented for the reasons assigned by HOOD, J., and voted for rehearing in both applications.
HOOD, Judge (dissenting).
I cannot agree with the conclusions reached by the majority.
In my opinion, the presumption provided in LSA-R.S. 23:1039 must be applied to a contract of employment between a minor and an employer engaged in a hazardous business, even though the minor was working without the knowledge or consent of his parents, and despite the fact that he was illegally hired to perform work in a prohibited employment. Bourgeois v. J. W. Crawford Const. Co., 213 La. 992, 36 So.2d 13 (1948); Matthews v. Buff Hottle Shows, 109 So.2d 261 (La.App. 1 Cir. 1959); Messer v. Bagwell Coatings, Inc., 283 So.2d 279 (La. App. 1 Cir. 1973); Beard v. Wilson Wholesale Distributors, Inc., 215 So.2d 664 (La. App. 1 Cir. 1968).
Under our law, young Alizzi must be presumed to have been an employee of DuBose at the time of the accident. LSA-R.S. 23:1044 provides, in part, that a person rendering service for another in any trade, business or occupation covered by the workmen's compensation act "is presumed to be an employee under this Chapter." LSA-R.S. 23:233 provides that the presence of a minor under 16 years of age in any place of employment prohibited to him under the Child Labor Law "shall constitute prima facie evidence of his employment therein." And, in Beard, supra, the court held that by directing the minor to perform some services for the company, the assistant manager thereby, "at least by implication," made the boy an employee of the company.
Since the deceased minor must be held to have been employed by DuBose, and to have been an employee at the time the accident occurred, it seems to me that the presumptions which are applicable to other employees must be applied to his implied, or legally recognized, enforceable and valid contract of employment.
In Bourgeois v. J. W. Crawford Const. Co., supra, a 16-year-old boy was killed in the course of his employment. Plaintiff, his mother, was unaware of the employment until after the accident occurred. She sought to recover workmen's compensation benefits, contending that she had the right to elect after her son's death whether his employment was or was not governed by the compensation act. Our Supreme Court held that the presumption that the parties have elected to be bound by the compensation act applies to all employees, even minors working without the knowledge or consent of their parents, and that the recourse of the decedent's surviving mother in that case was exclusively under the workmen's compensation act. The court said:

"The presumption applies to all employees, even minors working without the consent of their parents. The compensation statute is as beneficial to minors as it is to majors, if not more beneficial. If minors were not intended to be affected by the presumption unquestionably the Legislature would have specifically excepted them from it.
"The right of election (referred to in paragraph 6) to be exercised in behalf of an employee under the age of 18 by a parent, tutor, or the court, relates, in our opinion, to an election not to be subject to the act. There is no need, as before shown, for a representative to elect for him that the statute shall apply; the law presumes such an election. (Emphasis added).
My colleagues have brushed aside Bourgeois, supra, with the statement that it "can be distinguished factually as well as legally" from the instant suit, and that the Supreme Court "pretermitted any discussion of the issue of making an election for a minor after the accident occurred." I do not agree with their assessment of the Bourgeois case. The facts in that case were almost identical to those presented here. It is true that plaintiff there sought to recover *263 workmen's compensation benefits, instead of damages as in the instant suit, but the Supreme Court held categorically that "the employment of plaintiff's minor son was governed by the compensation statute," and I think the rule applied there would be applicable whether the claim was for compensation or for damages. With reference to pretermitting the issue of election after the accident, the court said:
"Having determined that the employment of plaintiff's minor son was governed by the compensation statute, in view of the legally created presumed agreement discussed above, it is unnecessary for us to consider the further and alternative contention of plaintiff that she, under the provisions of Section 16 of the statute, as amended by Act No. 38 of 1918, had the right to make an election in his behalf after the accidental death." (Emphasis added).
In my opinion, the Supreme Court found it unnecessary to consider the alternate contention of plaintiff, because it felt that under the circumstance presented there a conclusive presumption existed that the employment was governed by the compensation act, and that decedent's mother simply had no right to elect otherwise after the accident occurred.
The only cases I have found that support the holding of the majority in the instant suit are Ballard v. Stroube Drug Company et al., 10 So.2d 532 (La.App. 1 Cir. 1942), and Melton v. Fraering Brokerage Co., Inc. et al., 31 So.2d 884 (La.App. 2 Cir. 1947). In each of those cases the father (or parents) had no knowledge of the child's employment until after the accident occurred, and in each case the parents claimed damages instead of workmen's compensation benefits. An issue was presented in each case as to whether the father had the right to make the election after the accident occurred. The Court of Appeal held in each instance that the parent had the right to make that election after the accident, just as the majority holds in the instant suit. Both of those cases, however, were expressly overruled by the Supreme Court in Bourgeois, supra, where the Supreme Court said:
"Nevertheless, the holding in the Ballard and Melton cases are contrary to our jurisprudence, and they must be and are now expressly overruled." (36 So.2d 13, 19).
My colleagues concede that from and after the time the Bourgeois case was decided, all other cases in which this issue has been presented have been decided contrary to their holding in the instant suit. They hold, however, that the appellate court decisions since Bourgeois "have erroneously held that a parent cannot elect against coverage after the accident," that "these decisions misinterpreted both Bourgeois and the Act," and that "in those cases it is not clear whether the parents knew their child was employed." I disagree with those conclusions of the majority.
In Matthews v. Buff Hottle Shows, supra, a 15-year-old boy was injured while operating a merry-go-round. The opinion makes it clear that the boy's parent, who also was his tutrix, had no knowledge of the employment until after the accident, and that the work performed by the injured minor was in violation of a prohibitory law, LSA-R.S. 23:161. The tutrix filed suit against the employer primarily for damages, and alternatively she claimed workmen's compensation benefits against the employer. The trial judge sustained an exception of no right and no cause of action to the plaintiff's claim for damages, holding that her claim was solely for workmen's compensation benefits. Plaintiff appealed, contending that she was entitled to maintain an action in tort against the employer. The defendant urged substantially the same defenses as are being urged in the instant suit. The reviewing court, in holding that the remedy of the tutrix was exclusively under the workmen's compensation act, said:
"* * * It is self-evident that the law in this State is to the effect that the provisions of the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., applies to a minor injured while illegally employed in a prohibited employment and *264 no other remedy may be pursued by the lawful representative of the injured minor. Furthermore, the provisions of the act apply to a minor in such a situation by operation of law under a conclusive presumption of consent and no actual agreement or consent on the part of the minor or his or her parents or other lawful representative is necessary or required." (Emphasis added).
The Matthews case was cited and followed in Messer v. Bagwell Coatings, Inc., supra, where a minor was injured while employed in violation of the Child Labor Law, LSA-R.S. 23:151, et seq. See also Early v. Ethyl Employees Recreation Association, 101 So.2d 716 (La.App. 1 Cir. 1958); and Beard v. Wilson Wholesale Distributors, supra.
In the instant suit, I believe that plaintiffs' claim is governed by the workmen's compensation act, despite the fact that plaintiffs did not know that their young son was working for defendant DuBose when the accident occurred, and even though the employment may have been prohibited by LSA-R.S. 23:151, et seq.
There are some other circumstances which I think should be considered.
LSA-R.S. 23:1040 and 1041 provide that the agreement, that is, the presumed agreement that the employment is to be governed by the compensation act, may be terminated by giving written notice to that effect "not less than thirty days prior to the accident." Here it would have been impossible for plaintiffs to have terminated the contract of employment between the time their son began working and the time of the accident two days later, even if they had learned of the employment during that time. They thus would have had no right to elect in this case under any circumstances. The majority, however, proposes to give the plaintiffs in this case the right which the law very pointedly does not give to them or to anyone else in similar circumstances. I can find no basis or justification for the majority's statement that "it is arguable that the provisions giving the choice for minors to their parents or tutors sets out no such limitation."
If the majority opinion is allowed to stand, it will have the effect of giving to plaintiffs the right to elect after the accident whether the employment was governed by the workmen's compensation act. I suppose that my colleagues intend that plaintiff will have the right to make that election within one year after the accident occurred, that is, within the prescriptive period for filing suit. No one else, whether an employee or the survivor of an employee, has ever had that right. I do not believe that the granting of such a privilege can be justified under the provisions of the act.
Finally, the judgment being rendered by the majority will raise some novel and difficult legal questions. For instance, when plaintiffs make their election after the accident, will they be bound by that election once it is made, or will they be permitted to make an alternate claim for compensation in the event they are unable to prove negligence on the part of the defendant employer? Also, will there be any insurance coverage of the employer at all in this type case? There certainly would be none under a workmen's compensation policy, and I believe that at least some liability policies exclude coverage of claims by employees.
The majority opinion does not make it clear whether the status of young Alizzi was that of an employee or a third person at the time of the accident, and it does not suggest any answers to the above questions. It simply gives plaintiffs in this case a greater right than any other employee, or the survivor of any other employee, has ever had under our law or established jurisprudence.
For these reasons, I respectfully dissent.
NOTES
[1] These provisions were repealed by the legislature in 1975, but that repeal does not affect this case, inasmuch as it arose prior to the effective date of the repeal.
[2] In an attempt to avoid liability defendant insurer pleads alternatively an exclusionary clause in the policy which provides no coverage where one employee injures another employee. We find no merit to that position. Plaintiff's son was twelve years old and the driver of DuBose's truck was fourteen years old. See New Amsterdam Casualty Co. v. Soileau, C.C.A., 5th Circuit (1948), 167 F.2d 767, cert. den. 335 U.S. 822, 69 S.Ct. 45, 93 L.Ed. 376. The rationale therein applies here.